## AARON HEDGES

### v.

## LEWIS H. MEYERS ET AL.

1. DISSOLUTION OF INJUNCTION—DAMAGES—APPEAL.—Where the only relief sought was an injunction, and the complainant's right thereto has been disposed of by a final decree dissolving the injunction, from which he has taken no appeal, the decree upon the assessment of damages, being an absolute money decree, is in its nature final, and an appeal may be had therefrom.

2. ATTORNEYS—CONTINGENT FEE.—A contract for a contingent or spec-

Hedges v. Meyers.

ulative fee may be good as between attorney and client, who make it, but it cannot be recognized as a proper basis on which to charge the adverse party in an assessment of damages upon dissolution of an injunction. Such assessment must rest upon equitable grounds and not exceed the damages actually sustained.

3. EXTRA WORK BY COMMISSIONERS OF HIGHWAYS.—The charges made by the commissioners of highways for work which appears to have been properly that of their solicitors, are objectionable.

ERROR to the Circuit Court of Peoria county; the Hon. J. W. COCHRAN, Judge, presiding. Opinion filed December 19, 1879.

Messrs. BANGS, SHAW & EDWARDS, for plaintiff in error; contending that the damages assessed were excessive and not sustained by the evidence, cited Collins v. Sinclair, 51 Ill. 328; Goodwillie v. Milliman, 56 Ill. 523; Jevne v. Osgood, 57 Ill. 340; Steele v. Thatcher, 56 Ill. 257; Elder v. Sabin, 66 Ill. 126; Alexander v. Colcord, 85 Ill. 321.

A defendant in injunction cannot lay the foundation for large damages by employing an unnecessary number of counsel: Collins v. Sinclair, 51 Ill. 328; Steele v. Thatcher, 56 Ill. 257; Goodwillie v. Milliman, 56 Ill. 523.

The damages must be confined to those arising by reason of improperly suing out the injunction: Elder v. Sabin, 66 Ill. 126.

Allowance for attorney's fees should be made only for services in having the injunction dissolved: Jevne v. Osgood, 57 Ill. 340.

Messrs. HOPKINS & MORRON, for defendant in error; arguing that appeals and writs of error lie only to final judgment and decrees, and that this was not a final judgment, cited Hayes v. Caldwell, 5 Gilm. 33, Fleece v. Russell, 13 Ill. 31; Woodside v. Woodside, 21 Ill. 207; Thompson v. Follansbee, 55 Ill. 427; Walker v. Oliver, 63 Ill. 199; Phelps v. Fickes, 63 Ill. 201; Myers v. Manny, 63 Ill. 211; Williams v. La-Valle, 64 Ill. 110; Prout v. Lowmer, 79 Ill. 313; Harsha v. Mc-Henry, 82 Ill. 278; City of Springfield v. Edwards, 84 Ill. 634.

A final judgment is that which settles the rights of the parties as to the substantial merits of the controversy: Myers v. Manny, 63 Ill. 211; Titus v. Mabee, 25 Ill. 257; Shaw v. Hill, 67 Ill. 455.

PLEASANTS, J. The assignment of error here questions only the assessment of damages upon dissolution of the injunction and the decree thereon.

It is suggested that this is not a final order, and therefore not of itself subject to review on error; and that if it were the court cannot deal with a case piecemeal.

The only relief sought was injunction. Complainant's claim of right to it has been disposed of by a final decree, to which he has taken no exception, and under the rule he is precluded by this proceeding from taking any hereafter. The decree upon the assessment, being an absolute money decree, is in its nature final, although incidental to the other, and the record here presented purports to show all the evidence taken and proceedings had thereon.

Plaintiff in error was the owner of a certain tract of forty acres, in the county of Woodford, on and along the south line of which lay a public highway. A bridge upon it having been washed away, defendants in error proceeded to build another. Plaintiff filed his bill to enjoin them, on the ground that the site was more or less on his land outside of the highway; and by an amendment, afterwards filed, further charged that they were intending, at another point on the same line of road, to turn it upon his premises with a view to avoid a fill or dump of earthwork placed on the highway, by the Chicago, Pekin & Southwestern R. R., Co. which he sought to enjoin also. The R. R. Co. filed a bill against the same defendants, to prevent the removal or disturbance of their said earthwork. A preliminary writ was allowed in each case, and Messrs. Chitty, Cassell & Gibson were employed to defend in both. Answer was filed, denying the material allegations of plaintiff's bill, motion to dissolve the injunction was entered, and numerous affidavits and depositions from time to time taken. The venue was changed —first to Marshall and then again to Peoria, where at the Jan-

uary term, 1878, the issue on the motion to dissolve was tried by a jury, at the instance of the court, upon the mass of evidence so taken.   Messrs. Hopkins & Morron had been just previously employed by Chitty, Cassell & Gibson, with the consent of the defendants, to assist them, and in that trial and all the sub-sequent proceedings Judge Hopkins took an active part.   After a contest of three or four days a verdict was returned in favor of the defendants.   The court, however, declined at that time to decide the motion, reserving it for disposition upon the final hearing: on which, after several days occupied therein, a decree was entered dissolving the injunction as to the bridge, making it perpetual as to the other point and apportioning the costs two-thirds against the complainant  and one against the defendants. Shortly thereafter, and while the suit was still pending, the damages of defendants, upon suggestion filed, were assessed at the sum of $1,291.64.

This amount is made up principally by charges of solicitors and parties for services and disbursements.

| | | |
|---|---:|---:|
| Thus Mr. Cassell's account for the whole case is $483.10, of which he thinks four-fifths have reference to the bridge....... | | $386 48 |
| Chitty's $568.33, in the same proportion in his opinion......................... | | 454 66 |
| Of this sum there was charged for services as solicitors ............................$716 06 | | |
| And for disbursements................... 125 08 | | 841 14 |
| Hopkins $305—three-fourths with reference to the dissolution of the injunction...... | | 228 75 |
| Making for solicitors' charges.... ......... | | $1,069 89 |
| Myers, one of the defendants, charged $39—all for his time—two-thirds on bridge account .............................. | 26 00 | |
| Davidson, defendant, $115.60, $87 for his time and $28.60 for disbursements—three-fourths on bridge account.............. | 86 70 | |

Brady, defendant, $65.10, of which $51.50

| | | |
|---|---|---|
| was for his time—all with reference to dissolution of the injunction............ | 65 10 | 117 80 |
| | | 1,247 69 |
| Additional cost of bridge by reason of the washing away of the banks after issuance and before dissolution of the injunction.. | | 100 00 |
| Damage to timber on the ground ........ | | 25 00 |
| Damages to Ferryman, a contractor....... | | 13 00 |
| Total ......................... | | $1,385 69 |

These are all the damages which appear or are claimed to have been shown, and they exceed the amount assessed by less than one hundred dollars.

Mr. Chitty testified that his firm had a contract with the commissioners, according to which, as he understood it, they were to receive for their services in the whole case five hundred dollars absolutely, and if they succeeded in procuring a dissolution of the injunction, in addition thereto whatever damages they might establish against the complainant over and above that sum.

A contract for a contingent or speculative fee may be good as between attorney and client who make it but cannot be recognized as a proper basis on which to charge the adverse party in a proceeding like this. The assessment must rest upon equitable grounds and not exceed the damages actually sustained. Collins v. Sinclair, 51 Ill. 330. According to this statement, this item of damage cannot exceed five hundred dollars, and that must be abated for services in the case beyond the range of the motion to dissolve the injunction. Jevne v. Osgood, 57 Ill. 346; Elder v. Sabin, 66 Id. 131. Yet these gentlemen have charged and claim as proper damages to their clients, for services upon the motion alone, $716.06, and the further sum of $125.08 for expenses. Besides the defendant Davidson swears that the $500 was to cover all their fees for services in the suit brought by the Railroad Co. as well: so that this item thus abated should be further reduced by an equitable apportionment between the two cases. If there be any difficulty in the way of

doing it, it is of the defendants' creation, and for them to overcome. Nor is it an answer to say that this process will reduce the claim to a sum much less than the fair value of their services, since it is all the damage sustained by defendants on account of them. Steele v. Thatcher, 56 Ill. 258.

The claim of Judge Hopkins may be quite reasonable, as against the defendants, for the character and amount of the service rendered; but whether his employment was so necessary as to make it a proper charge against the complainant is a very different question. He declined to answer when his own opinion of it was asked, although the inquiry was legitimate and pertinent. Collins v. Sinclair, *supra*. For aught we see in the questions involved, the solicitors first employed were probably sufficient; and there appears to be some question whether they are not really liable for the employment of Hopkins. Commissioner Davidson certainly did not admit that the defendants were bound for anything beyond the five hundred dollars.

Their own charges for work which appears to have been properly that of the solicitors, are for that reason objectionable; and nothing is shown to justify an allowance for their time spent in attending court. Town of Tamaroa v. Trustees of South. Ill. Normal University, 54 Ill. 334.

On the whole, the assessment seems to us grossly excessive, and not supported by the evidence. The decree thereon is therefore reversed and the cause remanded.

Reversed and remanded.