# THE PRESIDENT AND TRUSTEES OF THE TOWN OF TAMAROA

*v.*

# THE TRUSTEES OF THE SOUTHERN ILLINOIS NORMAL UNIVERSITY.

1. DISSOLUTION OF INJUNCTION—*assessment of damages.* On the dissolution of an injunction sued out to restrain the trustees of the Southern Illinois Normal University from locating and erecting said university at the city of Carbondale, it was *held,* that, on an assessment of damages sustained by reason of the injunction, the expenses of the trustees and their loss of time while in attendance at court on the hearing of the motion to dissolve, could not be considered as an element of damages, their attendance for such purpose not appearing to be necessary.

2. TRUSTEES *of Southern Illinois Normal University — of their proper compensation.* And even if their attendance was necessary, being employed in the discharge of their duty as trustees, and, as appears, charging the State for their time and expenses, neither the trustees nor the State could sustain damages for their time so expended, as it was employed for the public.

3. DEMURRER IN CHANCERY — *want of equity in the bill.* The question whether a bill in chancery shows equity on its face should be raised by a demurrer to the bill, and not by motion; and on objection by the complainant, a motion entered for such purpose should be stricken from the files.

4. But where no objection is interposed, such motion will be treated as a demurrer.

APPEAL from the Circuit Court of Perry county; the Hon. MONROE C. CRAWFORD, Judge, presiding.

The opinion states the case.

Mr. EDWARD V. PIERCE, for the appellants.

Messrs. MULKEY, WALL & WHEELER and Mr. J. DOUGHERTY, for the appellees.

Mr. Justice Walker delivered the opinion of the Court:

It appears that appellants filed a bill in chancery in the Perry circuit court for an injunction to restrain appellees, as trustees of the Southern Illinois Normal University, from locating the university at or near the city of Carbondale, in Jackson county, and to enjoin them from having work done on the building at that place, and to compel the trustees to locate the university at or near the town of Tamaroa, in Perry county. A temporary injunction was granted and the writ was issued and served. Afterwards, appellees entered a motion to dissolve the injunction, which, on being heard by the court, was allowed, and the bill was dismissed for want of equity.

Appellees thereupon filed suggestions for a recovery of damages under the statute. The suggestions claimed for expenses in attending court and for loss of time; for attorneys' fees; for damages to the university by reason of delay, and for other damages, costs and expenses.

On a hearing of the suggestions, the court rendered a decree for the sum of $1220 from which complainants appeal to this court, and ask a reversal on various grounds.

It is insisted that the assessment of damages is excessive, and unauthorized by the law and the evidence heard on the trial of the motion. Although all of the attorneys who testified as to the charge of $500 as an attorney's fee, say they had never received a fee of that size, they, nevertheless, regard it as reasonable. Notwithstanding it seems to be large for simply entering and arguing a motion to dissolve an injunction, we can not say that the evidence does not support such a charge. It is true that but one witness speaks of ever having known of as large a fee being charged in a chancery case, and in that the charge was double the sum charged in this—in that, there was a trial, and we presume it embraced the preparation for, as well as the trial, and, we presume, the charge was unusually large in that section of the State, or other cases would have been spoken of by witnesses. Upon the evidence, even, it seems to

be unusually large in this case, but if the evidence had been put into the record as to all that was done, our impressions might have been different.

It is next urged, that the court should not have allowed $720 to the trustees for their attendance on the court and their expenses in going to and from and while at court. In this we think there was manifest error. The evidence fails to disclose, and we are unable to even conjecture, how it could be necessary for them to attend court on the entry or argument of a motion to dissolve an injunction. We must presume that it was not necessary for their attorney to consult with them on the legal questions involved, and there seems to have been no others in the case. We are at a loss to see how an allowance for their time and expenses could be sustained in this case. It is manifest, from the bill of exceptions and the record, that their attendance was unnecessary. If they only intended to create the expense that the burden might be imposed upon the people of Tamaroa, that was not a legal purpose, and they should be disappointed in their expectations. The expense and time expended by the trustees were not necessary, and could not, therefore, have constituted a legal claim for damages, and the statute contemplates no other than a legal and well founded claim. The court erred in allowing these items of damages.

Even if their attendance was necessary, the trustees were employed in the discharge of their duty as trustees, and were charging the State for their time and expenses, as appears by the record; and if so, how could they or the State sustain damages for their time, as it was employed for the public. In any point of view, we fail to see that it was proper to allow these items in the assessment of damages.

It appears that appellees entered a motion to dismiss the bill for want of equity on its face; and appellants entered a cross motion to strike that motion from the files. Under the rules of chancery practice, such a question can only be availed of by a demurrer to the bill. This will be found, it is believed, to

be the uniform and indispensable rule under the English practice, and this court has repeatedly held that the correct practice requires that a want of equity in the bill can only be reached by demurrer. But where such motions have been interposed, and complainants have not objected, we have said that it would, in such cases, be treated as a demurrer. In this case, however, complainants did object by moving to strike defendants' motion from the files, and the court below should have allowed the motion and required appellees to raise the question whether there was equity in the bill, by a demurrer, according to the well recognized rules of chancery practice. The decree of the court below is reversed and the cause remanded.

*Decree reversed.*