CLARENCE W. MARKS v. THE COLUMBIA YACHT CLUB,
and
SAME v. THE CHICAGO YACHT CLUB.

*Opinion filed December 20, 1905—Rehearing denied Feb. 21, 1906.*

INJUNCTION—*right to assess solicitors' fees as damages on dissolution of injunction.* If an injunction is the primary object of a suit and there is a motion to dissolve, a reasonable solicitor's fee, based upon the labor performed in procuring the dissolution of the injunction, may be allowed as damages, without regard to the fact that a demurrer was interposed or that the knowledge gained on the hearing of the motion to dissolve was subsequently used upon the trial of the case on its merits.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. LOCKWOOD HONORE, Judge, presiding.

The questions involved in both of these cases are identical and will be disposed of together.

On May 21, 1901, the appellant, Clarence W. Marks, filed his bill in the circuit court of Cook county against the Chicago Yacht Club and the Columbia Yacht Club, in which he alleged that the latter club was wrongfully constructing a club house immediately adjoining the inner breakwater on the east and just south of the south line of Randolph street extended, and that the former club was wrongfully building a club house on the lake front at the foot of Monroe street extended, both in the city of Chicago; that appellant was the owner of property fronting on Michigan avenue and overlooking the lake, and the said buildings obstructed the view of Lake Michigan from appellant's lots and interfered with the right of ingress to and egress from Lake Michigan thereto. The prayer of the bill was for an injunction restraining appellees from erecting or continuing to erect said buildings, and for a mandatory injunction to remove the portions of the structures already erected. The court issued a temporary injunction as prayed, without notice, and the same was served on appellees on May 22, 1901. Both appellees filed general demurrers to the bill and made motions to dissolve the temporary injunction. Upon a hearing both demurrers were overruled. The Chicago Yacht Club withdrew its motion to dissolve the temporary injunction, and it was ordered that the cause stand, as to it, the same as if no such motion had been made, and an appeal was perfected to the Appellate Court upon the injunction order, where the decree of the circuit court granting the temporary injunction was reversed. (*Chicago Yacht Club* v. *Marks,* 97 Ill. App. 406.) The motion to dissolve the temporary injunction was allowed by the chancellor as to the Columbia Yacht Club. On April 24, 1904, the original bill was dismissed by the circuit court, but jurisdiction was retained solely for the purpose of assessing damages for the wrongful suing out of the temporary injunction. Each of appellees

filed suggestions of damages, and upon a hearing the damage of the Chicago Yacht Club was fixed at $1200 and that of the Columbia Yacht Club at $700. This decree has been affirmed by the Appellate Court, and a further appeal has been prosecuted to this court.

STEIN, MAYER, STEIN & HUME, (PHILIP STEIN, of counsel,) for appellant.

ARNOTT STUBBLEFIELD, and WILLIAM H. QUINLAN, for appellee the Columbia Yacht Club.

N. W. HACKER, and GEORGE B. SHATTUCK, for appellee the Chicago Yacht Club.

Mr. JUSTICE WILKIN delivered the opinion of the court:

The appellant, as grounds of reversal, urges that the amounts of damage are excessive, and that the services of the solicitors, upon which the claims were based, were rendered, partly at least, upon the arguments of the general demurrer to the bill and in general defense of the case, and not solely upon the dissolution of the temporary injunction. We do not see how there can be any misunderstanding as to the law applicable to the facts of this case. The allowance of these damages for service rendered in obtaining the dissolution of the temporary injunction is governed by section 12 of chapter 69. (Hurd's Stat. 1903, p. 1042.) This section has been upon the statute books for over a quarter of a century and has been before this court for construction on many different occasions. One of the latest cases is that of *Landis* v. *Wolf,* 206 Ill. 392, where we reviewed our former decisions and held that solicitors' fees which are necessarily incurred in procuring the dissolution of an injunction may be allowed as damages, but that where an injunction is merely ancillary to the principal relief sought by the bill and its dissolution is only incidental to the defense made and the counsel fees are incurred in defending the suit generally or

in the management of some other branch of the case, they cannot be assessed as damages. The damages allowed by the statute are only those sustained by reason of an improper and wrongful suing out of the injunction, and the solicitors' fees can only extend to the motion to dissolve. It makes no difference whether there was a demurrer interposed or not, or that the knowledge about the case gained upon the hearing of the motion to dissolve was subsequently used upon the trial of the case on its merits. If the injunction is the primary object of the suit and a motion is made to dissolve, counsel will be entitled to a reasonable fee based upon the labor performed in the attempt to dissolve.

From an examination of the record it appears that the questions asked the witnesses at the hearing on the suggestions of damages were limited to the usual and customary charge for services of attorneys in cases similar to the one at bar. The questions covered the nature of the work of the attorneys in detail, and were limited to the work done on the motion to dissolve the temporary injunction. In the case of the Columbia Yacht Club the motion to dissolve was argued only in the circuit court, while as to the other appellee it was carried through the Appellate Court. We fail to find any place in the record where there is any objection to any material part of the evidence offered on the suggestion of damages. The decree awards the amounts of damages by reason of the expense for legal services in procuring the dissolution of the temporary injunction, and recites that they were for legal services rendered for the sole purpose of procuring the dissolution. We do not see how a finding could be more specific. The court apparently had in mind the correct rule of law, both at the time the evidence was taken and at the time the decree was rendered. From an examination of the record we are also convinced that the amounts allowed were reasonable under the evidence submitted.

We find no reversible error, and the decree will be affirmed.                                              *Decree affirmed.*