THE CITY OF PRINCETON *et al.* Appellants, *vs.* JOHN A. GUSTAVSON, Appellee.

*Opinion filed October 26, 1909.*

1. HIGHWAYS—*what is necessary to establish a public street by dedication.* To establish a public street by dedication there must be an intention on the part of the owner of the land to dedicate it to the public for street purposes and an acceptance of the offered dedication by the public, and the proof of such offer and acceptance must be clear, satisfactory and unequivocal.

2. SAME—*there can be no acceptance by public of offer not to public.* Where the proposed dedication of a strip of land by the owners is for the benefit of private parties and not for the public there can be no acceptance of the offer by the public such as will constitute the strip of land a public street by dedication.

3. SAME—*what is necessary to establish a public street by prescription.* In order to establish a public street by prescription the use and enjoyment of the land claimed as a street must have been adverse, under a claim of right, exclusive, continuous, uninterrupted and with knowledge and acquiescence of the land owner.

4. SAME—*the use for which land was set apart is presumed to continue.* Where land is set apart by the owner thereof as a private way, the use of the land for such purpose will be presumed to have been in accordance with the original intent of the parties until the contrary is proven.

5. INJUNCTION—*when allowance of $300 as damages on dissolution is not excessive.* An allowance of $300 as damages upon the dissolution of an injunction will not be regarded as excessive, where it is within the range of the testimony and merely reimburses the defendant for the solicitor's fees which he has expended or agreed to pay in procuring such dissolution.

APPEAL from the Circuit Court of Bureau county; the Hon. RICHARD M. SKINNER, Judge, presiding.

IRA C. GIBONS, City Attorney, and GEORGE S. SKINNER, for appellants.

WATTS A. JOHNSON, and J. L. SPAULDING, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This was a bill in chancery filed by appellants against the appellee, in the circuit court of Bureau county, to enjoin the appellee from erecting a building and pair of scales upon the south twenty feet of lot 30, in Stoner's addition to the city of Princeton, which south twenty feet of lot 30, upon which said building and scales were proposed to be located, is alleged to be a part of one of the public streets of said city. An answer and replication were filed and a hearing was had before the chancellor, and a decree was entered dismissing the bill for want of equity and assessing the appellee's damages at $300, and the complainants have prosecuted an appeal to this court.

It appears from the record that in 1854, and before the land in question was platted, the owners thereof sold and conveyed what is now lot 28 of Stoner's addition to the city of Princeton to Robert T. Templeton, describing the same by metes and bounds, and which conveyance contained the following provision: "Said parties of the first part further agree to and with the party of the second part that he is to have the right of way of twenty feet in width on the south line of said acre above referred to, from Main street to said lot herein deeded." The following plat shows

the situation of lots 13, 28, 29 and 30, and the adjoining streets, of Stoner's addition to Princeton:

And the following plat shows the situation of that part of Stoner's addition to Princeton after lot 13 had been subdivided and a fifteen-foot alley laid off upon the north line of said lot 13:

The strip of land in controversy is the twenty-foot strip lying immediately north of the fifteen-foot alley laid off

across the north side of lot 13, and runs from Main street to B street, a distance of three hundred and twenty feet, across the south end of lots 28, 29 and 30. The deeds through which the present owners claim title to lots 28, 29 and 30, with few exceptions, contain provisions similar to the deed for lot 28 to Robert T. Templeton. In about the year 1858 a lumber yard was located upon lot 28, a flouring mill upon lot 29 and an elevator upon lot 30. In 1867 the lumber yard, flouring mill and elevator were destroyed by fire. Since the fire of 1867 lots 28, 29 and 30 have had no substantial improvements thereon, they having been at different times occupied by coal sheds, chicken houses, corn-cribs, etc. During the time the lumber yard, flouring mill and elevator were located upon said lots the public traveled · to and from said lots over the said alley and the adjoining twenty-foot strip, and since that time the thirty-five foot strip has been used as a passageway between B street and Main street by the public and by the owners of said premises and to accommodate the different classes of business located on said premises.

The bill is filed on the theory that said twenty-foot strip is a part of a public street, and is not filed for the purpose of establishing the right of the respective owners of lots 28 and 29 to use said twenty-foot strip as a private way, as a means of ingress and egress to and from their lots from Main street or from B street.

The right to a public street may be acquired (1) by compliance with the provisions of the statute with reference to laying out and establishing public streets; (2) by dedication; and (3) by prescription. There is no claim that the statute has been complied with whereby a public street has been established over said twenty-foot strip. If, therefore, there is a public street over said twenty-foot strip it must be by dedication or prescription.

To establish a public street by dedication three things must intervene: (1) An intention on the part of the owner

of the land to dedicate·the same to the public for street purposes; (2) an acceptance of the offer to dedicate the land for street purposes by the public; and (3) the proof as to the offer of dedication by the owner, and the acceptance of such offer by the public, must be clear, satisfactory and unequivocal. In this case the record shows that the dedication of the twenty-foot strip was made by the owners for the benefit of the proprietors of such lots and not for the benefit of the public. We think it clear, therefore, under the doctrine announced by this court in *Illinois Ins. Co.* v. *Littlefield,* 67 Ill. 368, *City of Chicago* v. *Chicago, Rock Island and Pacific Railway Co.* 152 id. 561, and *City of Chicago* v. *Borden,* 190 id. 430, there was no offer to dedicate said twenty-foot strip to the public for a public street, and that there could, therefore, have been no acceptance thereof by the public.

In order to establish a street by prescription the use and enjoyment of the land claimed as a street must have been adverse under a claim of right, exclusive, continuous, uninterrupted, and with the knowledge and acquiescence of the owner of the land. (*City of Chicago* v. *Chicago, Rock Island and Pacific Railway Co. supra.*) In this case the strip was originally set apart by the owners thereof as a private way, and the use thereof will be presumed to have been in accordance with the original intent of the parties. In *Illinois Ins. Co.* v. *Littlefield, supra,* it was said (p. 373): "The use will be presumed to have been in accordance with the intention of the owner, and when the way is opened as a private passway, and that fact clearly appears, it cannot be converted into a public highway by the mere use thereof, no matter how long that use may be continued."

We are of the opinion that the evidence wholly fails to establish said twenty-foot strip to have been acquired by the public as a public street by prescription. The use of said twenty-foot strip, as disclosed by the evidence, is entirely consistent with the view that its use was merely per-

missive. We are of the opinion, therefore, that the trial court properly dismissed the bill.

The court, on the dissolution of the injunction, allowed the appellee, as damages, the sum of $300. This amount was fairly within the range of the testimony, and only re-imbursed appellee for the solicitor's fees which he had ex-pended or agreed to pay in procuring a dissolution of the injunction, and was not excessive. *Lambert* v. *Alcorn*, 144 Ill. 313; *Dempster* v. *Lansingh*, 234 id. 381.

The decree of the circuit court will be affirmed.

*Decree affirmed.*