## School Directors of District No. 181, Appellants, v. George Mathis et al., Appellees.

### Gen. No. 5593.

1. INJUNCTIONS—*what essential to restrain expenditure of taxes collected on account of illegality of school district.* In order to grant such an injunction the illegality of the organization of the district must first be established.

2. INJUNCTIONS—*when services deemed to have been rendered in obtaining dissolution.* Notwithstanding work done in obtaining the dissolution of an injunction may subsequently be availed of in connection with obtaining a dismissal of the bill the services rendered will be deemed to have been performed in obtaining the dissolution of the injunction.

3. INJUNCTIONS—*when defendant made such at its own request entitled to damages upon dissolution.* If the real party in interest is made a defendant at its own request and moves for and obtains a dissolution of the injunction granted it is entitled to an award of damages.

4. INJUNCTIONS—*what proper upon assessment of damages after dissolution.* If the use of taxes collected is restrained the interest

School Directors of Dist. No. 181 v. Mathis, 168 Ill. App. 174.

on money borrowed in lieu thereof is properly included in an award of damages after dissolution.

5. INJUNCTIONS—*what damages improper upon dissolution.* Expenses incurred not shown to have been necessary are improperly included in an award of damages after dissolution.

6. SCHOOLS—*how illegality of transfer of territory from one district to another cannot be determined.* The illegality of the transfer of territory from one district to another cannot be collaterally inquired into.

Bill in equity. Appeal from the Circuit Court of Henry county; the Hon. EMERY C. GRAVES, Judge, presiding. Heard in this court at the October term, 1911. Affirmed in part and reversed in part. Opinion filed March 13, 1912.

HARRY E. BROWN, for appellant; BARTLETT S. GRAY, of counsel.

GEORGE W. & JOS. L. SHAW, for appellees.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

The school directors of District 181 in Henry County filed a bill in equity against the trustees of schools of township 18, range 5, and the treasurer of said township to enjoin the trustees from apportioning any school taxes collected from sections 5 and 6 to school district 180, and to enjoin the trustees from honoring any orders drawn by district 180 out of the taxes collected from said sections 5 and 6. The bill alleged that sections 5 and 6 had been within said district 181 and still are a part thereof; that the trustees attempted to transfer said sections 5 and 6 from said district 181 to district 180 and that their order on that subject was without jurisdiction for certain defects in the procedure stated in the bill; that because the attempted reorganization of district 180 was invalid, there was now no legal district 180 in existence; that the trustees have ordered a distribution of certain funds on the basis that sections 5 and 6 are a part of district 180 and the treasurer will use said funds

176    APPELLATE COURTS OF ILLINOIS.

School Directors of Dist. No. 181 v. Mathis, 168 Ill. App. 174.

for the payment of orders of said district 180 unless enjoined; that the town collector of that township had collected taxes for school purposes from the owners of land in sections 5 and 6 and either has paid or is about to pay the same to the township treasurer and said taxes will be applied for the benefit of district 180 unless the treasurer is enjoined. A temporary injunction was issued and served. Thereafter, the school directors of district 180 petitioned the court to be made parties defendant and that request was granted. Thereupon said school directors of district 180 entered their motion that the injunction be dissolved and the bill dismissed, because it appeared from the face of the bill that it was without equity. Upon a hearing of that motion the injunction was dissolved, and the school directors of district 180 asked and were given leave to file a suggestion of damages and filed such suggestion, wherein they claimed (1) $50 for solicitor's fees in securing the dissolution of the injunction, (2) $2.87 as interest on $259 taxes collected upon said sections 5 and 6 from March 30, 1911, the date of the injunction, to June 22, 1911, the date of its dissolution, and (3) "Expenses incurred by said school directors of district No. 180 in and about coming to Geneseo and Cambridge to secure legal advice with reference to said injunction and on hearing on damages, $30." The court allowed $50 for solicitor's fees, $2.87 for said interest item, and $15.75 for expenses, a total of $68.62 and then dismissed the bill for want of equity. Complainants below appealed and continued the injunction in force under the statute.

There is a valid law under which territory may be detached from one school district and added to another. The bill shows that there was an attempt by the proper school officers to detach sections 5 and 6 from school district 181 and annex the same to school district 180. The bill alleges that there are certain

defects in the proceedings by which this transfer of
territory was attempted, by reason of which defects
the transfer was invalid, and that by reason of the
imperfection of said proceedings school district 180
legally ceased to exist. The court could not grant a
permanent injunction pursuant to the prayer of this
bill without first hearing and determining the question
whether said proceedings for the transfer of the ter-
ritory were valid or invalid. If some court having
jurisdiction to determine that question shall decide
that the attempted transfer was without legal effect,
then the school taxes paid upon land in sections 5 and
6 must be credited to school district 181. If it is
determined that such transfer was valid, then such
taxes should be credited to school district 180. It is
fundamental to the granting of the relief prayed that
it be determined that the proceedings for the transfer
of said territory were illegal and void. It is settled
in Ogle v. City of Belleville, 238 Ill. 389, that the
legality of that transfer of territory cannot be in-
quired into in this collateral proceeding. The court
therefore properly dissolved the injunction and dis-
missed the bill.

The proof shows that the solicitors for school dis-
trict 180 charged $50 for all the services that they
rendered and that that was a reasonable and cus-
tomary fee for such services in that county. Appel-
lants contend that the services were rendered not only
in procuring a dissolution of the injunction, but also
in procuring a dismissal of the bill, and that they are
not liable for the latter services. This position is
disposed of adversely to appellants' contention in
Marks v. Columbia Yacht Club, 219 Ill. 417, where
the court said: "It makes no difference whether
there was a demurrer interposed or not, or that the
knowledge about the case gained upon the hearing of
the motion to dissolve was subsequently used upon
the trial of the case on its merits. If the injunction

is the primary object of the suit and a motion is made to dissolve, counsel will be entitled to a reasonable fee based upon the labor performed in the attempt to dissolve.'' Appellants also contend that the school directors of district 180 were not enjoined and therefore cannot be allowed any damages upon the dissolution of the injunction. District 180 was the real party which was to be deprived by this injunction of the school taxes collected from sections 5 and 6, and it was a necessary party defendant, and it had a right to be made a defendant and to move to dissolve the injunction which prevented it from obtaining the benefit of these funds. It was properly made a defendant, and, when made a defendant, had a right to have this injunction dissolved. We approve the allowance of the solicitor's fees. The proof shows that the district was deprived of the use of $259.98 from the day of the injunction to the date of its dissolution and that it borrowed money to meet the orders and paid interest thereon to meet the orders which should have been paid out of that fund. It is not disputed that $2.87 was a correct computation and it was properly allowed as damages.

It is not clear what items the court allowed amounting to $15.75. Some of the proof related to the expenses of the directors of district 180 in attending the hearing upon the assessment of damages. This hearing was four days after the injunction had been dissolved, and for those expenses appellants are not liable as damages. If any director testified as a witness at that hearing he would be entitled to his witness fees and mileage as costs in the case. The sum of eight dollars was also claimed for the use of an automobile to carry the directors to see their lawyers and for other expenses for board and meals at that time and at the hearing of the motion to dissolve. Something is claimed to have been paid to a notary public before whom it is claimed the directors ex-

ecuted some necessary papers. No papers were filed in this cause which were either acknowledged or sworn to by the directors. It is not shown that it was necessary to hire an automobile or that it was necessary for the directors to make these trips to the county seat, or that the directors held any meeting at which they authorized any such expenses to be incurred. The question presented by the motion to dissolve the injunction and dismiss the bill was purely one of law arising on the face of the bill, and there is nothing to show that the presence of the directors at the county seat was necessary. We are therefore of opinion that the evidence did not justify the allowance of the item of $15.75 and this regardless of the serious question whether school directors can lawfully be paid by the district for their traveling expenses when upon the business of the district, which question we do not decide. It is manifest that appellants are only liable for such expenses as the district could be compelled to pay.

The decree appealed from is therefore reversed as to $15.75 of the damages awarded and is in all other respects affirmed. Each party will pay the costs made by it in this court.

*Affirmed in part, reversed in part.*