## The People of the State of Illinois ex rel. Samuel P. Thrasher, Appellant, v. Jacob M. Eisenberg, Appellee.

### Gen. No. 23,887.

1. Injunction, § 287*—*when defendant entitled to have damages assessed upon dissolution of preliminary.* Under Injunction Act, sec. 12 (J. & A. ¶ 6172), where an order awarding a preliminary injunction was reversed for failure to give notice of the time and place of application therefor, upon dissolution of the injunction, defendant is entitled to have his damages assessed notwithstanding the fact that the bill stated a good cause of action.

2. Injunction, § 326*—*when assessment of damages upon dissolution of preliminary is not premature.* Conceding that the assessment of damages upon the dissolution of a preliminary injunction in advance of the hearing on the merits is premature where an injunction is the sole relief sought, the rule has no application where in addition to the prayer for an injunction the bill seeks the removal of fixtures of an alleged house of prostitution and other relief under Laws 1915, p. 371 [Callaghan's 1916 St. Supp. ¶ 3591(2) *et seq.*], providing for the suppression of public nuisances.

3. Injunction, § 375*—*how question of premature awarding of damages upon dissolution of preliminary must be preserved for review.* To preserve for review the exercise of the chancellor's discretion in awarding damages upon the dissolution of a preliminary injunction in advance of the hearing upon the merits, complainant must move the court to postpone the award of damages until after the evidence has been heard in the case in chief.

Thomson, J., dissenting.

Appeal from the Circuit Court of Cook county; the Hon. Jesse A. Baldwin, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1917. Affirmed. Opinion filed October 16, 1918.

Sims, Welch & Godman, for appellant; Edwin W. Sims, Albert G. Welch and Elwood G. Godman, of counsel.

Brady, Rutledge & Devaney, for appellee; James A. Brady, of counsel.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

This appeal is prosecuted to reverse a decree of the Circuit Court of Cook county, awarding damages of $500 upon the dissolution of a temporary injunction. The order awarding the writ of injunction was reversed by this court. (*People v. Eisenberg*, 202 Ill. App. 63.) The dissolution of the temporary injunction and the assessment of damages followed.

The record discloses that the damages were awarded to the defendant for fees which he paid to his solicitors for services rendered in procuring the dissolution of the temporary injunction, and no point is made that the fees were not paid for such services nor that they are excessive.

Complainant insists that as the order awarding the writ of injunction was reversed on the sole ground that notice of the time and place of the application therefor was not given to the defendant—being a mere irregularity—the injunction writ was not wrongfully issued within the meaning of section 12 of the Injunction Act (J. & A. ¶ 6172), and the assessment of damages was improper; that where a temporary writ of injunction is awarded on the allegations of a bill which states a good cause of action and the injunction is afterwards dissolved for failure to give notice of the application, damages should not be awarded. No authorities are cited to sustain this contention, and we have been unable to find any. Section 12, which is the basis for the assessment of damages, provides that in all cases where an injunction is dissolved "the court, after dissolving such injunction, and before finally disposing of the suit, upon the party claiming damages by reason of such injunction suggesting, in writing, the nature and amount thereof, shall hear evidence and assess such damages as the nature of the case may require, and to equity appertain." From this it is plain that "in all cases" upon a dissolution

of an injunction the court is authorized to award damages, and this too before finally disposing of the suit. Manifestly the statute does not limit the assessment of damages to cases where a good cause of action is alleged in the bill of complaint.

It is further contended that the assessment of damages was wrong for the reason that the bill in the instant case prays for an injunction only, and that in such case, upon dissolution of a preliminary injunction in advance of determining whether the relief shall ultimately be granted, the assessment of damages is premature and unauthorized, and in support of this the cases of *Terry v. Hamilton Primary School,* 72 Ill. 476; *Bolander v. Childs,* 163 Ill. App. 57; *Dempster v. Lansingh,* 234 Ill. 381, and others are cited. If it be conceded that the proposition advanced by complainant is correct, yet we are of the opinion that it is not applicable here, for the reason that the bill seeks aid in addition to the granting of a writ of injunction. The prayer is that the defendants be perpetually enjoined and restrained from maintaining or permitting the premises described in the bill to be used for the purpose of lewdness, assignation or prostitution, and from using the premises for any purpose for a period of one year; and the further prayer is that the building and appurtenances be placed in the custody of the court, and for an order directing the sheriff to remove from the premises the fixtures and movable property and to sell the same in accordance with the provisions of an act for the suppression of public nuisances. (Laws of 1915, p. 371 [Callaghan's 1916 St. Supp. ¶ 3591(2) *et seq.*].)

It might have been advisable for the chancellor to have postponed the hearing on the question of damages until the merits of the case had been heard, for he might then have been in a much better position to determine what damages, if any, should equitably be awarded, and it is only such equitable damages that

are authorized by section 12. That section provides that the chancellor "shall hear evidence and assess such damages as the nature of the case may require, and to equity appertain." Considering the particular facts in the instant case, the nature of the injunction, the reason for the reversal of the order awarding the writ, it is manifest that the chancellor might have been in a better position to assess such damages as the nature of the case might require and to equity appertain, after he had heard the evidence and before final disposition. For if it appeared on the hearing that the defendant's property was being used for purposes of lewdness, assignation or prostitution in violation of the law, we think the chancellor would have been warranted in refusing damages. On the other hand, if the evidence disclosed that the property was being used for legitimate purposes, damages should be awarded. In the *Dempster* case, *supra,* it was contended that it was improper for the court to hear suggestions of damages until it was determined whether the relief sought should be granted, and in that case, where the prayer for relief asked for more than a perpetual injunction, the court said, after quoting section 12: "By the above provision the power of the court to award such damages is beyond question, and the time for hearing such question is entirely within the discretion of the chancellor, with the express limitation that it must be 'after dissolving such injunction and before finally disposing of the suit.' The court committed no error in hearing suggestions of damages in this case." In the instant case, the court had the power to assess the damages without waiting for the final hearing of the case on its merits. It was within the discretion of the court to hear the damages upon the dissolution of the injunction, or at a later time, and if the complainant desired that the matter be heard after the evidence had been introduced in the case in chief, he should have moved

the court for that purpose, and if the motion was denied, the action of the court in exercising its discretion in this regard would be subject to review. But no such suggestion was made to the chancellor, and of course the question of the abuse of discretion is in no way involved. The court having had the power to hear the question of damages when it did, and the complainant not having requested that the matter be postponed, he cannot now be heard to complain.

The decree of the Circuit Court of Cook county is affirmed.

*Affirmed.*

MR. JUSTICE THOMSON dissenting.

I am unable to concur in the majority opinion in this case. Section 12 of the Injunction Act (J. & A. ¶ 6172), under the provisions of which the trial court assessed damages, has frequently been before our courts and they have repeatedly interpreted it to mean that damages might be assessed, upon suggestion of the complaining party, whenever there had been a dissolution of an injunction, which had been wrongfully sued out by the other party to the litigation. *Beauchamp v. Board Sup'rs Kankakee County,* 45 Ill. 274; *Kohlsaat v. Crate,* 144 Ill. 14.

If one sues out a writ of injunction but fails to comply with the preliminary requirements of the statute, such as filing a proper and adequate bond or giving the required notice, necessitating the allowance of a motion to dissolve, it does not necessarily follow that the writ has been wrongfully sued out, within the meaning of that phrase as interpreted in the foregoing cases, and as applied to section 12.

The object of assessing damages is to compensate the party enjoined for the injury he has wrongfully suffered. One cannot be said to have wrongfully suffered a legal injury where he has incurred an indebtedness for counsel fees, for services in procuring the dissolution of an injunction on the ground of a

failure of the complainant to give him the notice prescribed by the statute, of the time and place of the application for the injunction, in the absence of some showing to the effect that such notice would have enabled him to demonstrate to the court that the application should be denied.

Except for a slight technical defect which was later cured by amending the bill on its face, the bill of complaint made out a case for the relief sought. The temporary injunction granted was set aside on appeal to this court, solely because the complainant had omitted to give the defendant notice of the time and place of his application therefor, as required by section 3 of the Injunction Act (J. & A. ¶ 6163). After the injunction issued in this case had been dissolved the defendant had a right to file his suggestion of damages, and under the provisions of section 12 the court had the power to determine the matter of damages at any time after the dissolution of the injunction and before the final disposition of the case. But under the provisions of said section, the court should award only "such damages as the nature of the case may require, and to equity appertain."

For all that appears from the showing made by the defendant in support of his suggestion of damages, the allegations of the bill are true and he does permit the use of his premises for the purpose of prostitution, and if he had received the notice he could not have prevented the issuing of the restraining order. In the absence of some showing to the contrary, I believe it should be held by the court on a hearing on suggestion of damages, that "such damages as the nature of the case may require and to equity appertain," amount to nothing. In awarding the defendant his damages, on the showing he made, "the substance of this case has been sacrificed to form." *Beauchamp v. Board Sup'rs Kankakee County, supra.*

No doubt the court had the power to take up this

matter when it did and determine it without awaiting the final outcome of the proceeding on its merits.    It is true the complainant might have moved the court to postpone the hearing on the suggestion of damages, until the case had been heard on its merits, when it might have been shown that in fact the defendant had not been damaged, and if such a motion had been made and overruled, it may be that the possible question of abuse of discretion by the court might have been preserved for our review.    But that is beside the question.    *Whenever* the court heard the matter, no damages should have been awarded in the absence of a proper showing.

It is the general policy of the law not to require the defeated party to pay the other his counsel fees. Cases coming within the purview of section 12 form an exception to that rule.    Those provisions should not be extended beyond the interpretation our Supreme Court has given them.

For the reasons I have stated, I am of the opinion that the defendant failed to show any legal damage such as is contemplated by the provisions of section 12.