2063 Lawrence Avenue Building Corporation, Appellant, v. Gus Van Heck et al., Appellees.

Gen. No. 42,247.

Opinion filed December 21, 1942.

ROBERT H. HOLMES, of Chicago, for appellant.

JOSEPH A. RICKER, of Chicago, for appellees.

MR. PRESIDING JUSTICE MATCHETT delivered the opinion of the court.

This is an appeal by plaintiff from a decree entered December 29, 1941, awarding damages to defendant upon amended suggestions therefor on account of the alleged unwarranted issuance of an injunction. The

proceeding is brought under sec. 12 of ch. 69 of Ill. Rev. Stat. (Ill. State Bar Stats. 1941, p. 1798 [Jones Ill. Stats. Ann. 109.360]). In its different phases this suit has been before this court and the Supreme Court. (*2063 Lawrence Ave. Bldg. Corp. v. Van Heck,* 305 Ill. App. 486 (Abst.) ; *2063 Lawrence Ave. Bldg. Corp. v. Van Heck,* 377 Ill. 37.) The theory of the claimant will be best understood by a summary of prior proceedings.

Plaintiff corporation is the owner of an apartment building in Chicago. Defendants are the Flat Janitors' Union and certain of its members. The union and defendants undertook to persuade the plaintiff to employ a union janitor to care for its building, or at least to induce the janitor performing the services to join the union. The corporation resisted and filed its bill in chancery for an injunction to restrain defendants from maintaining pickets about its premises, charging intimidation, threats and violence. There was an amended complaint and an amended answer, and on motion of plaintiff a preliminary injunction was issued as prayed by Judge NIEMEYER, November 13, 1937. January 29, 1938, defendants made a motion to dissolve the injunction. The cause with the motion was referred to a master, who reported in favor of the defendants and recommended the dissolution of the injunction and ismissal of the bill. The cause was heard on exceptions to his report. The exceptions were overruled, the report approved and on May 24, 1938, a decree was entered dissolving the injunction and dismissing the bill. The same decree gave leave to defendants to file suggestions for damages instanter, and the hearing was set for June 27, 1938. Such suggestions were filed and damage claimed for two items; $450 for solicitor's fees and $119 said to have been paid for the services of a court reporter.

Plaintiff appealed from this decree to the Appellate Court. This court, after much consideration, reversed

the decree and remanded the cause with directions to set aside the order dissolving the injunction and dismissing the bill (*2063 Lawrence Ave. Bldg. Corp. v. Van Heck,* 305 Ill. App. 486 [Abst.]). Defendants filed in the Supreme Court a petition for leave to appeal, which was denied (*2063 Lawrence Ave. Bldg. Corp. v. Van Heck,* 306 Ill. App. xxxvii (Abst.). The cause was redocketed in the superior court. It was reheard on the merits, and on December 5, 1940, that court entered a decree awarding a permanent injunction as prayed and taxed costs against defendants. Defendants appealed directly to the Supreme Court. (*2063 Lawrence Ave. Bldg. Corp. v. Van Heck,* 377 Ill. 37.) The opinion of the Supreme Court states:

"Appellants contend that their constitutional rights have been infringed by this decree."

It is apparent on that theory the appeal was taken and allowed to the Supreme rather than to this court. The case was considered by the Supreme Court at the same term *Ellingsen v. Milk Wagon Drivers' Union of Chicago, Local 753,* 377 Ill. 76, was decided. The opinion states: (page 39)

"In that case it is pointed out that by recent decisions of the Supreme Court of the United States, as the final arbiter, on issues involving questions of the Federal constitution, an injunction of the nature issued here may involve infringement of freedom of speech guaranteed by the fourteenth amendment of the United States constitution, whether the injunction be authorized by statute, ordinance or by rule of court."

The defendants say that the reason of the Supreme Court for denying leave to appeal from the decision of this court was that the appeal taken to this court was interlocutory. That is not the fact. The decree reviewed by this court dismissed the complainant's bill and was final in its nature. An examination of the briefs of the parties discloses that it was not at any

time suggested by any of the parties that the appeal was in its nature interlocutory. It is apparent the Supreme Court regarded our judgment as not final since the cause was sent back for trial on the merits and it was so tried.

The opinion of the Supreme Court filed June 17, 1941, reversed the judgment of the superior court and remanded the cause ''with directions to enter a decree in accordance with the views herein expressed.'' The superior court of Cook county, in compliance with the order of September 23, 1941, entered a decree vacating the decree of December 5, 1940, and the order of May 24, 1938, dismissed the second amended complaint for want of equity and gave defendants leave to file instanter amended suggestion of damages. Suggestions were filed.

The plaintiff answered the amended suggestion of damages setting up in detail reasons why the same should not be allowed. The court heard the evidence and found that defendants had expended the sum of $277.65 necessarily in securing dissolution of the injunction, composed of the following items: appearance fee paid the clerk of the Appellate Court, $10.00; cost of printing brief in the Appellate Court, $31.75; cost of printing answer to petition for rehearing in Appellate Court, $13.00; amount paid to the clerk of the Appellate Court for transcription of petition for leave to appeal, $6.00; cost of the filing fee in the Supreme Court on defendant's petition for leave to appeal, $20.00; cost of printing abstract on leave to appeal in the Supreme Court, $39.80; cost of printing petition for leave to appeal in the Supreme Court, $64.05; cost of printing briefs on appeal to the Supreme Court, $57.05; appeal bond to Supreme Court, $10.00; cost of printing reply brief on appeal to the Supreme Court, $26.00, a total of $277.65. The court also found the sum of $1,260.00 had been paid by defendants as attorneys' fees; that the same was a fair, reasonable and

proper sum; that the same should be allowed, making a total sum of $1,537.65 for which judgment was entered, in default of payment of which for 10 days it was ordered execution issue.

In support of the claim for fees the solicitor for the union testified in detail as to the work he did as such solicitor; his inspection of the several complaints, his preparation of sworn answers, the service of notice, the motion made to dissolve the temporary injunction, the reference to the master and the hearings before him, his reading of the master's report, preparation of objections which stood as exceptions and arguing the same before the court, preparing the decree sustaining the report, dissolving the injunction and dismissing complaint, examination of the transcript of record on the appeal to the Appellate Court, the filing of the briefs and the oral argument upon rehearing and upon the original hearing, the preparation of the abstract on petition for leave to appeal to the Supreme Court. In fact, he testified in detail to the performance of all the services rendered upon the trial of the cause upon the merits, the hearing in the Appellate Court, the petition for leave to appeal to the Supreme Court and the appeal finally taken to the Supreme Court. . There is no testimony in the record as to the time spent by him upon the motion to dissolve the temporary injunction nor as to the value of such services.

The respondent argues that in order to recover damages under the statute it is necessary for the plaintiff to prove that the obtaining of the injunction was a tortious act. We do not so construe the statute. It seems to have been designed to give to a defendant against whom an injunction issued, damages on equitable principles wherever the injunction issued was an infringement on defendant's legal rights. The books are full of cases construing this statute. The leading case is *Nestor Johnson Mfg. Co. v. Goldblatt*, 371 Ill. 570, where prior cases are reviewed. The question in

that case was stated to be: ''In a case where both the final and preliminary relief sought is an injunction, and a temporary injunction has been issued, which was not dissolved *pendente lite,* and later a decree was entered on the merits of the main case dissolving the permanent injunction, and dismissing the suit, is defendant entitled to recover solicitor's fees for services rendered on attempts to dissolve the temporary injunction and on defending the main case, before the chancellor and on appeals?'' Answering that question, the court said: (page 573)

''Section 12 of the Injunction Act relates to injunctions ancillary in character, and provides, as we have seen, that the court, after dissolving such injunction and before finally disposing of the suit, shall hear the claim for damages. By this statute the General Assembly evidently intended to provide relief against wrongful issuance of an injunction. In this case, while the chancellor dissolved the temporary injunction on the first motion of appellants, who were defendants in that suit, the Appellate Court reversed the order of the chancellor and reinstated the injunction. That the temporary injunction was rightfully issued was settled by the Appellate Court decision. Its decision became the law in the case. When the second motion to dissolve the temporary injunction was denied, appellants sought no review of that order in the Appellate Court and the order became final.''

The court further said: (page 574)

''Upon the completion of testimony and the decision of that issue, the temporary injunction previously issued was not dissolved but became *functus officio.* The chancellor gave no further consideration to it but determined the issuance of a perpetual injunction on the merits. As he ordered a perpetual injunction to issue, the temporary injunction was not thereby dissolved but became merged in the permanent injunc-

tion. (*Gage v. Parker,* 178 Ill. 455.) Had he denied the permanent injunction, the temporary injunction, having served its purpose and expired, could scarcely be said to have been dissolved by such order. *Lambert v. Alcorn,* 144 Ill. 313; *Milligan v. Nelson,* 188 id. 139. It does not follow that because the permanent injunction was eventually dissolved on appeal that the temporary injunction was not properly sued out. An interlocutory injunction is merely provisional in its nature and does not conclude a right. Its effect and purpose is to keep matters *in statu quo* until the hearing or further order. An applicant for an interlocutory injunction is not required to make out a case which will entitle him, at all events, to relief at the hearing. It is enough if he can show that he raises a fair question as to the existence of the right which he claims and can satisfy the court that matters should be preserved in their present state until such questions can be disposed of."

We are aware this case may be in many of its circumstances unlike the *Nestor Johnson* case, but the principles there stated are controlling. There is no evidence in the record showing what services were rendered or what the worth of these was in securing the dissolution of the preliminary injunction. On the contrary the evidence for claimant all shows that the services for which it was allowed $1,260 were rendered in defending the bill on its merits in the several courts. The attorney's fees, therefore, cannot be allowed. Much less, it seems to us, can the several items above recited being items of costs in the Appellate and Supreme Courts be recovered. The decision of the Appellate Court was against the decree dismissing the bill and the Supreme Court declined to review the judgment entered by the Appellate Court. These items were all necessary expenses in connection with the trial upon the merits rather than upon the motion to dissolve the preliminary injunction. These items were not recoverable. *Leonard v. Pearce,* 271 Ill. App. 428.

We hold the evidence for defendant fails to show right to recover for any of these items under section 12 of the Injunction Act, and the judgment will therefore be reversed.

*Reversed.*

O'CONNOR and McSURELY, JJ., concur.