THE VILLAGE OF WILSONVILLE et al., Plaintiffs-Appellees, v. EARTHLINE CORPORATION, Defendant-Appellant.—(THE PEOPLE ex rel. MACOUPIN COUNTY, Intervenor-Appellee.)

Fourth District   No. 14825

Opinion filed November 3, 1978.

REARDON, J., dissenting.

Fred C. Prillaman, of Mohan, Alewelt & Prillaman, of Springfield, and Stuart Dobbs, of Denby, Dobbs & Meno, of Carlinville, for appellant.

Ken R. Boyle, State's Attorney, of Carlinville, and Paul C. Verticchio, of Gillespie, for appellees.

Mr. JUSTICE TRAPP delivered the opinion of the court:

The defendant, Earthline Corporation, appeals from the order of the trial court which denied its "SUGGESTION OF DAMAGES FOR WRONGFUL INJUNCTION," filed pursuant to section 12 of the Injunction Act (Ill. Rev. Stat. 1977, ch. 69, par. 12), and sustained the plaintiffs' objections to defendant's pleading.

A preliminary injunction was issued upon the complaint of the plaintiffs prohibiting defendant from storing chemical wastes at a landfill site situated in the Village of Wilsonville and adjacent thereto. On July 18, 1977, in an order pursuant to Supreme Court Rule 23 (58 Ill. 2d R. 23), this court directed the trial court to vacate the preliminary injunction which had been issued. In its suggestion of damages defendant alleged that it

suffered $25,000 in damages as the result of the issuance of the preliminary injunction which had been vacated.

On appeal, plaintiffs contend that the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1977, ch. 85, par. 1—101 et seq.), hereinafter referred to as the Immunity Act, shields them from the assessment of damages provided by section 12 of the Injunction Act. Defendant urges that the court erred in finding the plaintiffs immune from the sanctions provided in section 12. It also contends that the court erred in denying defendant's motion which sought a change of venue for the hearing which it urges is mandated by section 12. On June 22, 1978, this court ordered that the issue concerning the change of venue be stricken from appeal because that issue was not yet appealable.

Section 12 of the Injunction Act (Ill. Rev. Stat. 1977, ch. 69, par. 12) provides:

> "In all cases where an injunction is dissolved by any court in this state, the court, after dissolving such injunction, and before finally disposing of the suit, upon the party claiming damages by reason of such injunction suggesting, in writing, the nature and amount thereof, shall hear evidence and assess such damages as the nature of the case may require, and to equity appertain, to the party damnified by such injunction, and may award execution to collect the same.

In *Molitor v. Kaneland Community Unit District No. 302* (1959), 18 Ill. 2d 11, 163 N.E.2d 89, the supreme court repudiated the judicial doctrine of sovereign immunity. The Illinois Constitution of 1970 now provides:

> "Except as the General Assembly may provide by law, sovereign immunity in this State is abolished." (Ill. Const. 1970, art. 13, §4.)

By its plain language, that constitution expressly does not undertake to forbid a legislative provision of nonliability for the State or its governmental subdivisions.

In 1965, the legislature adopted "An Act in relation to the tort immunity of local public entities and their employees * * *" (Ill. Rev. Stat. 1977, ch. 85, par. 1—101 et seq.). That statute adopts the following definitions:

> " 'Employee' includes an officer, member of a board, commission or committee, servant or employee, whether or not compensated, but does not include an independent contractor." Ill. Rev. Stat. 1977, ch. 85, par. 1—202.

> " 'Injury' means death, injury to a person, or damage to or loss of property. It includes any other injury that a person may suffer to his person, reputation, character or estate which does not result from circumstances *in which a privilege is otherwise conferred by law* * * *." (Emphasis added.) Ill. Rev. Stat. 1977, ch. 85, par. 1—204.

> " 'Local public entity' includes a county, township, municipality,

municipal corporation, * * * and all other local governmental bodies. * * *" Ill. Rev. Stat. 1977, ch. 85, par. 1—206.

The Act also includes the following provisions creating a nonliability of the entities concerned:

"A local public entity is not liable for an injury resulting from an act or omission of its employee where the employee is not liable." Ill. Rev. Stat. 1977, ch. 85, par. 2—109.

"Except as otherwise provided by statute, a public employee serving in a position involving the determination of policy or the exercise of discretion is not liable for an injury resulting from his act or omission in determining policy when acting in the exercise of such discretion even though abused." Ill. Rev. Stat. 1977, ch. 85, par. 2—201.

"A public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, unless he acts maliciously and without probable cause." Ill. Rev. Stat. 1977, ch. 85, par. 2—208.

A local municipal entity acts by and through duly elected officers and the filing of the injunction proceeding was necessarily the product of the exercise of official discretion. As stated in *County of Lake v. Cuneo* (1951), 344 Ill. App. 242, 250, 100 N.E.2d 521, 525:

"The wrong in obtaining the invalid injunction was created and could only be created by an act of an agent or attorney for the county. It must be admitted that the obtaining of a preliminary injunction was within the scope of the governmental functions of the county."

One finds no contention here that any officer or employee of the Village or County acted maliciously or without probable cause in instituting the injunction proceeding.

Parallel with and complementary to the cited provisions of chapter 85, is the statement in *People ex rel. Scott v. Briceland* (1977), 65 Ill. 2d 485, 359 N.E.2d 149, that it is well established that a public officer is immune from personal liability for the good faith performance of discretionary duties or his judgment of the public need. (See also *Fustin v. Board of Education* (1968), 101 Ill. App. 2d 113, 242 N.E.2d 308; *Kelly v. Ogilvie* (1965), 64 Ill. App. 2d 144, 212 N.E.2d 279, *aff'd* (1966), 35 Ill. 2d 297, 220 N.E.2d 174.) It would be incongruous to charge the Village and County with a liability for the performance of a discretionary duty by its officers when its officers are granted immunity both by the provisions of section 2—109 of the Immunity Act (Ill. Rev. Stat. 1977, ch. 85, par. 2—109), and by judicial determination.

Earthline cites certain cases as judicial precedent establishing plaintiffs' liability under section 12 of the Injunction Act, including *President &*

*Trustees of Town of Tamaroa v. Trustees of Southern Illinois Normal University* (1870), 54 Ill. 334; *City of Princeton v. Gustavson* (1909), 241 Ill. 566, 89 N.E. 653; *People ex rel. Thrasher v. Eisenberg* (1918), 212 Ill. App. 337; *School Directors v. Mathis* (1912), 168 Ill. App. 174; *Chicago Title & Trust Co. v. City of Chicago* (1903), 110 Ill. App. 395; *Schuringa v. City of Chicago* (1964), 30 Ill. 2d 504, 198 N.E.2d 326, and *Pechous v. Slawko* (1976), 64 Ill. 2d 576, 357 N.E.2d 1144. We note that the opinion in *Tamaroa* antedates section 12 of the Injunction Act, and can hardly be said to illuminate any part of the issue. The opinion in *City of Princeton* did not concern a proceeding under section 12 of the Injunction Act, for evidence was heard upon the petition, answer, and replication. *Eisenberg* concerned a proceeding for injunction by a private citizen under the Public Nuisance Act. In *Pechous v. Slawko*, the action was between individuals who held municipal office and was not an action for or against the municipality. In *Chicago Title & Trust*, the opinion notes that the award of a $500 solicitor's fee was not an issue on appeal. In *Schuringa*, the opinion concerned an action to enjoin the city and found no abuse of discretion in apportioning master's fees upon a viable constitutional issue. None of the cases cited by Earthline provide persuasive reasoning in the interpretation of the several provisions of the immunity statute enacted in 1965.

Plaintiffs cite *County of Lake v. Cuneo* (1951), 344 Ill. App. 242, 100 N.E.2d 521. That court held that in as much as the County was created by the State for the administration of governmental affairs, there was immunity from liability arising under the provisions of section 12 of the Injunction Act. In that opinion the court used the language, "The wrong of obtaining an invalid injunction is in an action sounding in tort * * *." (344 Ill. App. 242, 250, 100 N.E.2d 521, 525.) In the light of the provisions of the statute, and particularly section 2—208 of the Immunity Act, it is not necessary to discuss this issue in the context of a tort. The *Cuneo* opinion, however, does demonstrate that the language of section 12 of the Injunction Act, "In all cases where an injunction * * *" has not in itself been deemed a complete barrier to the consideration of immunity of a local governmental entity. The absence of such barrier seems to be particularly apparent in the light of the fact that in 1965 the legislature enacted a comprehensive determination of nonliability in enacting the cited portions of the Immunity Act.

The members of the court have considered the possible application of the opinions in *Williams v. City of Chicago* (1977), 54 Ill. App. 3d 974, 370 N.E.2d 119, and *City of Springfield v. Beck* (1976), 34 Ill. App. 3d 784, 340 N.E.2d 350, where attorney's fees were assessed as a sanction for failure to provide discovery as required by court rule, and as a sanction for filing untrue pleadings as provided in the Civil Practice Act. (Ill. Rev. Stat. 1975, ch. 110, par. 41.) In *Williams*, the opinion expressly notes that

the defendant did not question the authority of the court to impose sanctions (54 Ill. App. 3d 974, 978, 370 N.E.2d 119, 122.) It is significantly apparent that in neither case was there the factor that the officials of local governmental entities were exercising their official discretion in instituting judicial proceedings. Ill. Rev. Stat. 1977, ch. 85, pars. 2—201, 2—208.

In the light of the plain language of the statutes relating to nonliability of municipal entities in the exercise of discretionary matters, including the institution of judicial proceedings, the order of the trial is affirmed.

Affirmed.

WEBBER, J., concurs.


Mr. JUSTICE REARDON, dissenting:

Section 12 provides a summary procedure for the assessment of damages upon the dissolution before final judgment of a wrongfully issued preliminary injunction. Although damages are not assessable until the preliminary injunction has been dissolved, the amount of damages awarded is irrelevant to the ultimate resolution of the case or controversy. *Schien v. City of Virden* (1955), 5 Ill. 2d 494, 502-03, 126 N.E.2d 201.

The majority, unfortunately, misconstrues prior case law and the effect of the Tort Immunity Act on these facts.

In *County of Lake v. Cuneo* (1951), 344 Ill. App. 242, 100 N.E.2d 521, the Illinois Appellate Court, Second District, was presented a case involving the interplay between section 12 and the common law doctrine of sovereign immunity. In *Cuneo*, the defendant was in the process of constructing a number of buildings near a highway intersection in violation of a zoning ordinance adopted by the plaintiff. Before the construction was completed, a temporary or preliminary injunction was issued without notice or bond. Later, the circuit court refused to dissolve the preliminary injunction, but instead made it permanent. On appeal, the appellate court reversed the circuit court and directed that it award the defendant a permanent injunction restraining the plaintiff from interfering with defendant's construction. (*County of Lake v. Cuneo* (1947), 333 Ill. App. 164, 76 N.E.2d 826.) On remand, the defendant filed a suggestion of damages pursuant to section 12, but the circuit court denied the suggestion, holding that the plaintiff was immune from any and all damages. The defendant again appealed and the appellate court affirmed.

I disagree with the *Cuneo* decision and the statements on which it is based, for in at least two cases which predate *Cuneo* our supreme court held that a local governmental entity was or might have been liable for damages after the dissolution of an injunction. In *City of Princeton v.*

*Gustavson* (1909), 241 Ill. 566, 571, 89 N.E. 653, our supreme court affirmed the allowance of $300 damages against the plaintiff upon the dissolution of an injunction. In that action, the plaintiff sought to enjoin the defendant's construction of a building and weight scales which, according to the plaintiff, would be located in a public street. In *President & Trustees of Town of Tamaroa v. Trustees of Southern Illinois Normal University* (1870), 54 Ill. 334, the court reversed an assessment of $1,220 damages after the defendant secured the dissolution of a preliminary injunction against the construction of a State university at Carbondale, instead of the town of Tamaroa. Although the court did not expressly hold that the plaintiff was immune from the assessment of damages for the wrongful issuance of a preliminary injunction, it did note that the award of $500 as an attorney's fee "seems to be unusually large in this case, but if the evidence had been put into the record as to all that was done, our impressions might have been different." 54 Ill. 334, 335-36.

In at least two appellate court opinions which predate *Cuneo*, the courts affirmed damage assessments against local governmental entities upon the dissolution of preliminary injunctions. In *School Directors of District No. 181 v. Mathis* (1912), 168 Ill. App. 174, 177-78, a dispute arose over the detachment of territory from the plaintiff district. Plaintiff contended that the attempted transfer of the territory to a district which had no legal existence was improper. During the course of the dispute, a preliminary injunction was entered, ordering that the newly enlarged district not expend tax funds collected in the disputed territory. After the preliminary injunction was dissolved, damages were assessed against the plaintiff. On appeal, the damage assessment was affirmed without any discussion of plaintiff's possible immunity. In *Chicago Title & Trust Co. v. City of Chicago* (1903), 110 Ill. App. 395, *aff'd* (1904), 209 Ill. 172, 70 N.E. 572, the City of Lakeview secured a preliminary injunction against the owners of a strip of land bordering Lake Michigan. The injunction prohibited the landowners from removing sand and gravel from along the lake shore. After defendant absorbed the City of Lakeview and after a permanent injunction which replaced the temporary injunction was reversed by our supreme court, a $500 damage assessment was entered against the defendant. On appeal in both the appellate and supreme courts, the propriety of the damage assessment and the applicability of the doctrine of sovereign immunity were not raised. In both courts, the trial court's judgment was affirmed.

In *People v. Spahr* (1978), 56 Ill. App. 3d 434, 371 N.E.2d 1261, this court reaffirmed the doctrine that Illinois Supreme Court decisions are binding on all Illinois courts. My understanding of the supreme and appellate court authorities discussed above is that they are contrary to *Cuneo* and that *Cuneo* was wrongly decided.

The *Cuneo* court erred when it found the wrongful issuance of an injunction to be a tort. In *Chicago Title & Trust*, the court stated:

"The contention of counsel—not supported by any of the cases which they cite—that no definite proof from which damages can be computed is requisite, that the complainant having obtained an injunction which was dissolved occupies the position of a tort feasor, and that damages should be awarded upon that theory, is not tenable. The assessment should not exceed the damages actually sustained. [Citation.] *An injunction is not the act of the party applying for it, but the act of the court.* It issues because the court is of the opinion it ought to issue and so orders. No wrong is committed by the applicant although it be dissolved, unless he was acting maliciously and without probable cause." (Emphasis added.) 110 Ill. App. 395, 398-99.

In *2063 Lawrence Avenue Building Corp. v. Van Heck* (1942), 317 Ill. App. 59, 45 N.E.2d 687, the respondent argued that in order to recover damages under section 12, the party must prove that obtaining the injunction was a tortious act. The court stated it did not so construe section 12; the statute was seen to be designed to give the party against whom the injunction was issued damages on equitable principles whenever the injunction issued was an infringement of the enjoined party's legal rights.

The village and county are not shielded by the Tort Immunity Act from the operation of section 12. Sovereign immunity of local governmental units was abolished by *Molitor v. Kaneland Community Unit District No. 302* (1959), 18 Ill. 2d 11, 163 N.E.2d 89, *cert. denied* (1960), 362 U.S. 968, 4 L. Ed. 2d 900, 80 S. Ct. 955. In *Williams v. Board of Education* (1977), 52 Ill. App. 3d 328, 367 N.E.2d 549, this court stated that governmental immunities have become the exception rather than the rule in Illinois. Unless the governmental entity can demonstrate an applicable immunity under the Tort Immunity Act, there is no immunity. In addition, this court continued, the Tort Immunity Act must be strictly construed against the local public entity because the statute creates immunities after they were abolished in *Molitor*. In *Roberts v. Fahs* (1864), 36 Ill. 268, the Illinois Supreme Court observed that what is now the present section 12 embraces "*all cases* on the dissolution of an injunction, whatever may be the subject matter of the bill * .* *." (Emphasis added.) (36 Ill. 268, 369-70.) "Injury," as defined in section 1—204 of the Tort Immunity Act, is not an implied repeal of section 12's application to units of local government.

Local governmental entities which are protected by the Tort Immunity Act are not immune from the procedures and procedural sanctions applicable in our courts. In *City of Springfield v. Beck* (1976), 34 Ill. App. 3d 784, 785-86, 340 N.E.2d 350, this court affirmed the assessment of $1,270 attorney fees against the plaintiff for making untruthful allegations in a

complaint in violation of section 41 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 41). *In Williams v. City of Chicago* (1977), 54 Ill. App. 3d 974, 977-79, 370 N.E.2d 119, the court affirmed an assessment of $433 attorney fees against the defendant for noncompliance with discovery. The sanction imposed in *Williams* was authorized by Supreme Court Rule 219(c) (58 Ill. 2d R. 219(c)). In *Lesser v. Village of Mundelein* (1975), 36 Ill. App. 3d 433, 344 N.E.2d 29, the trial court awarded plaintiff $140 based on the Village's unwarranted refusal to allow plaintiff to examine its special assessment books and records. The majority opinion in the instant case attempts to distinguish this authority by stating "that in neither case was there the factor that the officials of local governmental entities were exercising their official discretion in *instituting* judicial proceedings." (Emphasis added.) However, section 2—208 grants immunity to the public employee for "injury caused by his instituting *or prosecuting* any judicial * * * proceeding * * *." (Emphasis added.) (Ill. Rev. Stat. 1977, ch. 85, par. 2—208.) The language used by the majority directly implies that the governmental entity is immune if it is the plaintiff, but can be subject to statutory procedural remedies if a defendant. The legislature could not have intended such a contorted construction.

Injunctions are extraordinary writs. The legislature enacted section 12 in order to deter and remedy the improvident seeking of a preliminary injunction. In the instant case, the village and county are charged with at least constructive knowledge of the sanctions of section 12. Despite such knowledge, they successfully sought the exercise of the court's extraordinary injunctive power. Seeking the exercise of that power pursuant to the Injunction Act while disclaiming responsibility by reason of immunity for the subsequent dissolution of the injunction are basically inconsistent positions. Section 12 is a statutory procedural sanction just like section 41 of the Civil Practice Act and Supreme Court Rule 219. This case should be reversed and remanded for a hearing pursuant to section 12.

For the foregoing reasons, I dissent.