## Fred W. Dawes and Mary Dawes, Executors, etc., v. James Dawes.

1. NOTICE TO PRODUCE—*when, unnecessary.* When the paper or document wanted, if in existence at all, must be under the control of a party to a suit, and is one which he must know will be indispensable to his adversary, then notice to produce is unnecessary.

2. TRUST—*when, may be proved by parol.* A trust as to personal property may be created and therefore may be established by parol.

3. TRUST—*when Statute of Limitations does not run against.* An instruction as follows :

" The court instructs the jury that if you believe from a preponderance of the evidence that the father of Josiah Dawes sent to Josiah Dawes the sum of twenty pounds, English money, to be held by the said Josiah Dawes in trust for James Dawes, and that the said trust fund, if any, and accrued interest was to be paid by the said Josiah Dawes to James Dawes when James Dawes should attain the age of twenty-one years, and that the said Josiah Dawes received and accepted such fund, if any, in trust for the benefit of the said James Dawes, then as a matter of law, such a state of facts constitutes an express trust in the hands of Josiah Dawes for the benefit of James Dawes, and the Statute of Limitations does not apply to or run against such an express trust, unless you believe from a preponderance of the evidence that the said Josiah Dawes openly and expressly disavowed or repudiated such trust, if any, and that such disavowal or repudiation, if any, was brought to the personal knowledge of the said James Dawes, and that after receiving such personal knowledge, if any, the plaintiff failed to use diligence in prosecuting his claim, and the burden of proving such disavowal or repudiation, if any, is in this case upon the defendants,"—held correctly to define the law.

4. TRUST—*what essential to create.* An instruction as follows :

" The court instructs the jury that no particular form of words is necessary to create a trust or to make the person declaring the trust himself a trustee. The word 'trust' need not be used: Any expressions which show unequivocally the intention to create a trust will have that effect. When a person accepts personal property to be held in trust for another and orally or in writing, expressly or implied, declares that he holds such property for such other person, then such possession and declaration constitute him a trustee, in an express trust for such other, of the property, and in such case the beneficial interest in the property is considered as vested in the *cestui que trust.*

" In this case if you believe from a preponderance of the evidence that Josiah Dawes received money from his father in England to be by him

Dawes v. Dawes.

held in trust for James Dawes, and that he, the said Josiah Dawes, further declared that he intended to keep and use the said money himself and pay interest upon the same until James Dawes attained the age of twenty-one years, for the benefit of the said James Dawes, and did so keep and use the money, then you are instructed that, in law, such a state of facts constitutes an express trust in the hands of Josiah Dawes for the benefit of Josiah Dawes, and the Statute of Limitations has no application to this case, unless you believe from a preponderance of the evidence that Josiah Dawes openly and expressly disavowed such express trust, if any, and that such a disavowal and repudiation, if any, was brought to the personal knowledge of the said James Dawes, and that after receiving such personal knowledge, if any, he failed to use diligence in prosecuting his claim,"—held correctly to define the law.

MYERS, J., dissenting.

Contest upon claim against deceased's estate. Appeal from the Circuit Court of Edwards County; the Hon. ISAAC W. IBBOTSON, Judge, presiding. Heard in this court at the February term, 1904. Affirmed. Opinion filed September 9, 1904.

H. J. & J. H. STRAWN, for appellants; FREDERICK W. DAWES, of counsel.

B. A. CAMPBELL and J. C. FITCH, for appellee.

MR. PRESIDING JUSTICE CREIGHTON delivered the opinion of the court.

This was a claim filed by appellee, in the County Court of Edwards county, against the estate of Josiah Dawes, deceased. Appellants resisted the allowance of the claim, denied the existence of any facts upon which to base it and interposed as defenses the Statute of Limitations and laches. The trial in the County Court resulted in a judgment in favor of appellee. From this judgment appellants appealed to the Circuit Court, where the same defenses were again interposed. Trial by jury. Verdict and judgment in favor of appellee for $328.

Appellants have appealed the case to this court, and while they assign a number of errors on the record, they bring forward into their brief and argument only the following: that the trial court admitted improper evidence on behalf of appellee; that the trial court erred in giving instructions one and three, given at the instance of appellee; and that the verdict and judgment are manifestly against the weight of the evidence.

The evidence tends to prove that in 1863, when appellee was a small boy, his grandfather, who resided in England, sent to the testator, appellee's father, twenty pounds, to be put out at interest for appellee until he should arrive at the age of twenty-one years; that the testator accepted this money in trust for appellee, but instead of loaning it out, used it himself and up to the time of his death had never accounted to appellee for it or any part of it.

Counsel for appellants say the trial court admitted parol evidence of a trust, which was shown to have been created in writing, without requiring appellee to produce the writing or account for its absence, and that this constitutes material error.

The only evidence that there was any writing in connection with the transaction is a statement that the testator said there was a letter that told what was to be done with the money. And in this connection we may note that when the objection to this evidence was interposed and the grounds thereof stated, it was conceded by counsel for appellants that the requisite notice had been given before the trial in the County Court. It is apparent from what does appear in the record that appellee did not at that time have such letter under his control and never had, and knew nothing of it. If such letter did "create the trust" and did in fact exist, the executors alone, so far as the record here discloses, could produce it, and if their position is sound, they knew before the trial in the Circuit Court that appellee would need it to make his case. When the paper or document wanted, if in existence at all, must be under the control of a party to the suit, and is one which he must know will be indispensable to his adversary, then notice to produce it is unnecessary. In such case, such paper is sufficiently accounted for when the party who alone could produce it if it still exists, fails to do so. C., C., C. & St. L. Ry. Co. v. Newlin, 74 Ill. App. 638.

The evidence complained of consists wholly of statements and admissions made by the testator. This evidence is clearly competent. It is not necessary that a trust as to

personal property be created, evidenced or proved by any writing.

Statements and admissions made by persons since deceased, when relevant to the issues involved and proved by a competent witness, are proper to be admitted in evidence in support of a claim against the estate of such deceased person.

The instructions complained of are as follows:

" No. 1.   The court instructs the jury that if you believe from a preponderance of the evidence that the father of Josiah Dawes sent to Josiah Dawes the sum of twenty pounds, English money, to be held by the said Josiah Dawes in trust for James Dawes, and that the said trust fund, if any, and accrued interest was to be paid by the said Josiah Dawes to James Dawes when James Dawes should attain the age of twenty-one years, and that the said Josiah Dawes received and accepted such fund, if any, in trust for the benefit of the said James Dawes, then as a matter of law, such a state of facts constitutes an express trust in the hands of Josiah Dawes for the benefit of James Dawes, and the Statute of Limitations does not apply to or run against such an express trust, unless you believe from a preponderance of the evidence that the said Josiah Dawes openly and expressly disavowed or repudiated such trust, if any, and that such disavowal or repudiation, if any, was brought to the personal knowledge of the said James Dawes, and that after receiving such personal knowledge, if any, the plaintiff failed to use due diligence in prosecuting his claim, and the burden of proving such disavowal or repudiation, if any, is in this case upon the defendants.

" No. 3.   The court instructs the jury that no particular form of words is necessary to create a trust or to make the person declaring the trust himself a trustee.   The word ' trust ' need not be used.   Any expressions which show unequivocally the intention to create a trust will have that effect.   When a person accepts personal property to be held in trust for another and orally or in writing, expressly or implied, declares that he holds such property for such other person, then such possession and declaration constitute him a trustee, in an express trust for such other, of the property, and in such case the beneficial interest in the property is considered as vested in the *cestui que trust.*

" In this case if you believe from a preponderance of the

evidence that Josiah Dawes received money from his father in England to be by him held in trust for James Dawes, and that he, the said Josiah Dawes, further declared that he intended to keep and use the said money himself and pay interest upon the same until James Dawes attained the age of twenty-one years, for the benefit of the said James Dawes, and did so keep and use the money, then you are instructed that, in law, such a state of facts constitutes an express trust in the hands of Josiah Dawes for the benefit of James Dawes, and the Statute of Limitations has no application to this case, unless you believe from a preponderance of the evidence that Josiah Dawes openly and expressly disavowed such express trust, if any, and that such a disavowal and repudiation, if any, was brought to the personal knowledge of the said James Dawes, and that after receiving such personal knowledge, if any, he failed to use due diligence in prosecuting his claim."

These instructions considered in connection with the evidence and with all the other instructions given in the case, state the law correctly and were not, in our opinion, in any respect misleading.

As to the weight of the evidence, we deem it only necessary to state that appellants offered no evidence and that appellee's evidence clearly makes a *prima facie* case. Under such state of case it is not for a court to say that the verdict is "contrary to the evidence."

The judgment of the Circuit Court is affirmed.

*Affirmed.*

Mr. Justice MYERS, dissenting.