(No. 45067.—

BROKAW HOSPITAL, Petitioner, v. THE CIRCUIT COURT OF McLEAN COUNTY *et al.*, Respondents.

*Opinion filed July 12, 1972.—Rehearing denied September 29, 1972.*

HEYL, ROYSTER, VOELKER & ALLEN, of Peoria (DUNCAN B. COOPER III and BRENT H. GWILLIM, of counsel), for petitioner.

WILLIAM J. SCOTT, Attorney General, of Springfield (WARREN K. SMOOT, Assistant Attorney General, of counsel), for respondent Circuit Court of McLean County.

JOSEPH H. KELLEY, of Bloomington, for respondents Hermena Ayers *et al.*

MR. JUSTICE SCHAEFER delivered the opinion of the court:

This is an original petition for a writ of prohibition to prevent the enforcement of an order entered March 23, 1972, directing that costs in the sum of $75 be paid immediately by Brokaw Hospital to the attorneys for the plaintiffs in an action pending against the hospital in the

circuit court of McLean County. That action was brought by Hermena Ayers and her husband to recover damages for personal injuries and loss of services suffered when she stepped in an ice-covered hole in the hospital's parking lot. A motion to dismiss the complaint was filed on behalf of the hospital. It was overruled after argument, and on the same day the trial court, purporting to act under the authority of section 41 of the Civil Practice Act, entered the order which is the subject of this proceeding.

Section 41 of the Civil Practice Act provides: "Allegations and denials, made without reasonable cause and not in good faith, and found to be untrue, shall subject the party pleading them to the payment of reasonable expenses, actually incurred by the other party by reason of the untrue pleading, together with a reasonable attorney's fee, to be summarily taxed by the court at the trial." Ill.Rev.Stat. 1971, ch. 110, par. 41.

We consider first the propriety of the entry of any order assessing costs against the defendant. The complaint alleged that Mrs. Ayers was visiting her husband who was a patient in the hospital; that snow had fallen on the parking lot and that the defendant had pushed the snow into large piles on the north side of the lot which is at a higher elevation than the south side; that on three specified dates the snow melted and refroze, causing water to drain to the south side of the lot thereby creating ice patches; that the bituminous surface of the lot contained a hole which became filled with water and then froze; that the plaintiff stepped into the hole, slipped, fell, and was injured.

The first paragraph of the defendant's motion to dismiss stated that the "complaint alleges only that an accumulation of snow and ice and removal thereof caused plaintiff's injuries." The second paragraph of the motion stated that there is nothing in the complaint to allege that "the condition on the parking lot is made more hazardous than that generally existing in the community," and therefore there can be no liability. The third paragraph

stated that it appears from the face of the complaint that the cause of the injury "was a condition which was in existence throughout the community at the time and place alleged," and therefore there can be no liability. The fourth and final paragraph of the motion to dismiss stated that it appeared from the face of the complaint that the plaintiff's use of the parking lot "was gratuitous and the plaintiff became a licensee and cannot recover for ordinary negligence."

An examination of the complaint shows that none of the statements made about it in the motion to dismiss was true. The record thus justifies the finding of the trial court that the "defendant's motion: 1. was made without reasonable cause; 2. is not in good faith; and 3. is untrue."

The position of the hospital is that the circuit court lacked authority to impose sanctions "solely on the basis of the complaint and motion," or as otherwise stated, that the court "lacks the authority to base sanctions on a motion to dismiss." The purpose of the ordinary motion to dismiss is to raise an issue of law as to the legal sufficiency of the allegations of the complaint, and therefore section 41 will not ordinarily come into play in connection with such a motion. The difficulty with the motion to dismiss in the present case is not that the legal propositions that it asserts are unsound, but rather that the plain allegations of the complaint are misrepresented in the motion in order to bring those legal propositions into play.

In this case it was unnecessary to delay the ruling of the court for a hearing to determine the truth or falsity of the defendant's assertions concerning the contents of the complaint. The falsity of those assertions was immediately apparent upon inspection of the two documents, and they could not have been made in good faith. We are aware of no restriction that would bar a court from acting upon its own motion under section 41. It is not suggested that the sum of $75 was excessive, or that it was not, as the trial court found, "a customary fee for motions." Under these

unusual circumstances, therefore, it was unnecessary to conduct a separate hearing before imposing a sanction under section 41.

We therefore hold that the findings of the circuit court that the allegations of the motion to dismiss were untrue and were made without reasonable cause, and that the motion was not made in good faith, were properly made, and that those findings were within the jurisdiction of the court, as was the action of the court in summarily taxing the sum of $75 as attorney's fees.

Different problems are presented, however, with respect to the concluding portions of the order, which provide:

> "IT IS ORDERED:
>
> (1) defendant shall immediately pay, directly to plaintiff's attorney, $75;
>
> (2) on or before 1 May 1972, defendant may appear and show cause why the $75 should be refunded and, if it so appears, shall file a written brief citing every authority which supports its position; and any argument or authority not so presented shall be considered waived for all purposes, including appeal;
>
> (3) on or before 3 April 1972, defendant shall file proof of payment of the $75;
>
> (4) if defendant fails to comply with any part of this order, judgment will be entered, without further notice, for the full sum sought in each count of the Complaint ***."

Citing *People ex rel. Modern Woodmen of America v. Circuit Court of Washington County (1931), 347 Ill. 34,* the Attorney General contends that a writ of prohibition should not issue because that writ is limited solely to situations in which the trial court has acted beyond its jurisdiction. But it seems obvious to us that a trial court is without jurisdiction to limit by its order the authorities that may be presented to a reviewing court upon an appeal from that order. The trial court in this case was also without jurisdiction to require payment as a prerequisite to an appeal from its order taxing an attorney's fee and to attempt to enforce that requirement by the threatened

sanction of judgment against the defendant in the sum of $144,000, the full amount of damages sought.

We find it unnecessary, however, to examine closely the limitations upon the writ of prohibition as they existed at common law and the extent to which those limitations have been modified over the years, for we find that the jurisdiction inherent in this court as well as that conferred by section 16 of article VI of the constitution of 1970 is fully adequate to authorize the issuance of an appropriate order in this case in the exercise of its supervisory jurisdiction. That section provides: "General administrative and supervisory authority over all courts is vested in the Supreme Court and shall be exercised by the Chief Justice in accordance with its rules."

The court therefore denies the writ of prohibition, and, acting upon its own motion, directs the circuit court to vacate its order of March 23, 1972, and to enter an order not inconsistent with what has been said in this opinion.

*Writ denied; supervisory order entered.*