ALICE M. FENOCCHI *et al.*, Plaintiffs-Appellees, *v.* ROBERT W. MORRISON,
Admr. to Collect for Estate of Fred J. Leman, Defendant-Appellant.

(No. 11581;

Fourth District—August 15, 1972.

*Rehearing denied October 31, 1972.*

Heyl, Royster, Voelker & Allen, of Peoria, (William J. Voelker, Jr., and James O. Christy, of counsel,) for appellant.

Elmo E. Koos, of Peoria, for appellees.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

Complaints were filed in the circuit court of Woodford County alleging that on or about January 16, 1969, the plaintiffs suffered personal injuries as a result of certain negligent conduct of the defendant's intestate. The complaints were filed January 15, 1971, and a summons dated January 18, 1971, was issued. The defendant filed a motion to dismiss and in the motion asserted that the complaints were barred by the statute of limitations as not having been filed within the two-year statutory period. The motion further asserted that the summons was not issued within sufficient time to prevent the statute of limitations from running.

This motion was set for hearing on April 5, 1971, at which time counsel for the defendant appeared, and stated to the court that there was probably some mistake in the drafting of the motion; that the date on the summons rather than the date of the complaints must have been observed; and that since the complaints were filed January 15, 1971, alleging the injuries to have taken place on January 16, 1969, it would be within the statutory period. Counsel declined, however, to confess the motions whereupon the court entered an order denying the motion to dismiss and then on the court's own motion directed counsel for the plaintiffs to prepare an order containing findings under Section 41 of the Practice Act (Ill. Rev. Stat. 1969, sec. 41, ch. 110), that the motions to dismiss were made without reasonable cause, not in good faith, and were untrue. The court further ordered the defendant to pay and file proof of payment of mileage computed on the basis of fifteen cents per mile together with $100 attorneys' fees and further provided that in default of payment being made and proof thereof being filed within the time limited, the court would enter an order granting judgment on behalf of the plaintiff in each case. Thereafter, a default judgment order was entered and a motion to vacate that order was filed and argued. The default judgment order was set aside but on the same day the court entered what is captioned "a Section 41" order wherein the recited chronology was set forth, Section 41 of the Practice Act was set forth, the word "shall" therein was found to "command" the entry of the order summarily taxing the attorneys' fees and mileage.

By its order of April 28, 1971, the trial court directed payment of the assessed fees directly to plaintiff's attorney and provided that on or before May 28, the defendant could file a motion questioning the reasonableness of the expense and fee as computed and again required filing

of proof of payment. Notwithstanding the indicated non-finality found in the order, the trial court nonetheless found there was no just reason for delaying enforcement or appeal of the order. This is that appeal.

In the case of *Brokaw Hospital, Petitioner v. The Circuit Court of McLean County, Respondents,* 52 Ill.2d 182, 287 N.E.2d 472, the Illinois Supreme Court considered issues identical to those presented by this case in an original proceedings for a writ of prohibition. We view that decision as determinative of the issues urged by the appellant in this appeal.

■■ First, it is clear from the opinion that Section 41 is applicable to motions. Second, the trial court on its own motion may invoke the sanctions set forth in Section 41 and is not limited to issues asserted upon petition by an aggrieved party. Finally, the trial court was justified in its finding that the defendant's motion was made without reasonable cause, not in good faith, and was untrue. In *Brokaw* such could be ascertained from an examination of the complaint and the same is true in this case. In *Brokaw* the Illinois Supreme Court denied the writ of prohibition but acting under its general administrative and supervisory authority, vacated the order because of infirmities with reference to the limitation of matters that could be urged upon appeal, which said infirmities are not present in this case. The judgment of the circuit court of Woodford County is affirmed.

Judgment affirmed.

TRAPP, P. J., and SMITH, J., concur.