HERBERT LESSER *et al.*, Plaintiffs-Appellants, *v.* THE VILLAGE OF MUNDELEIN, Defendant-Appellee.

Second District (2nd Division) No. 73-453

Opinion filed December 22, 1975.—Rehearing denied April 5, 1976.

Herbert Lesser, *pro se.*

Willard J. Lassers, of Elson, Lassers & Wolfe, of Chicago, for appellants.

Geo-Karis & Thompson, of Zion, for appellee.

Mr. JUSTICE DIXON delivered the opinion of the court:

Plaintiffs brought this action in the Circuit Court of Lake County against the Village of Mundelein. The action sought an accounting and damages with respect to funds received by the Village from special assessments. The plaintiffs are the owners of special assessment bonds issued by the Village in anticipation of the receipt of proceeds of special assessments. The trial court entered summary judgment in favor of the defendant Village and it is from such judgment that the plaintiffs have appealed.

During the years 1924 *et seq.*, the Village of Mundelein issued special assessment bonds payable out of special assessments levied for local improvements. The bonds were payable in yearly installments together with interest over a period of 10 years. The plaintiffs are the holders of the bonds and interest coupons. The complaint alleges numerous violations of its duties by the Village as trustee including commingling of funds, etc. This gist of the complaint is that the Village, after collecting and receiving payments of the special assessments, did not distribute the same according to law in that the Village failed to pay plaintiffs their share of the collections. The action sought declaration of existence of an express trust and an accounting to determine whether the trustee had defaulted in its obligations.

Defendants filed a motion for summary judgment setting forth the allegations of paragraphs 11 and 13 of the complaint and attaching a deposition of plaintiff Lesser. Paragraph 11 alleges that beginning with the year 1924 and continuing to date the defendant collected moneys on each installment of the special assessments involved. Paragraph 13 alleges that upon an accounting it will be found that the Village has failed and refused to pay upon said bonds their distributive shares in violation of the duties imposed upon the Village as trustee of the funds,

although said bonds have been presented for payment as they became due.

The deposition of plaintiff attached to defendants' motion contains no admission that the Village refused to pay the sums collected to the knowledge of the bondholders. It shows that inquiries directed to the municipality did not elicit responses of refusal but merely responses of no funds available for payment. Late in 1968 a second letter from the Village stated that there would be no further payment on the bonds, that final payment had been made.

This second letter in 1968 from the Village might be interpreted to be a repudiation of the trust but the original complaint was filed in July 1969 and the first amended complaint of plaintiffs was filed February 3, 1970, well within any limitation period.

The prayer of the motion requested that the court find that the action was barred by the 5-year statute of limitations. The theory apparently of the motion is that the trust was repudiated.

Plaintiffs filed a brief in opposition to the motion setting forth their theory of active express trust, the requirements of repudiation and an analysis of paragraphs 11 and 13 of the complaint pointing out that there was no admission of knowledge of repudiation and pointing out that the Village by its sworn answer to the complaint had stated that it did not have knowledge or information of the facts alleged in paragraphs 11 and 13.

The trial court found that the statute of limitations applied as to all funds collected prior to July 15, 1964, and allowed the motion for summary judgment in that respect but gave leave to plaintiffs to file, and they filed, a second amended complaint (verified), which in paragraph 13 alleged that from Exhibit "A" attached it would be found that the Village from time to time had made partial payments; that plaintiffs had from time to time made inquiries of the Village and that in response the Village did on occasion pay over some money, and that the Village had advised the plaintiffs from time to time that no money was available. The court did not consider this second amended complaint.

■■ It is well settled that a municipality is by statute a trustee with respect to the levy, collection and disbursement of special assessment funds. (*Rothschild v. Village of Calumet Park*, 350 Ill. 330; *Kay v. Village of Palatine*, 126 Ill. App. 2d 308, 312; 9 Ill. L.&Pr. *Cities, Villages etc.* §978 (1954); 10 Ill. L.&Pr. *Cities, Villages etc.* §§1521, 1522, 1531 (1955).) And further that by virtue of the Local Improvement Act the trust is an express trust because the statute places the duty on the municipality to hold the money for a specified purpose. *Schreiner v. City of Chicago*, 406 Ill. 75, 90.

■■ Generally, an action to enforce an express trust is not barred by a mere lapse of time, at least where the trustee has not repudiated, disavowed or acted in hostility to the trust under such circumstances that the cestui que trust has, or should have, knowledge of such improper conduct on his part. 35 Ill. L&Pr. *Trusts* §231 (1958).

A motion for summary judgment should be granted where there is no genuine issue as to any material fact. The court is to determine the existence or absence of a genuine issue as to any material fact from the affidavits, depositions, admissions, exhibits and pleadings in the case. Pleadings may constitute admissions or be statements of fact, especially where verified.

■■ Does the allegation "that upon an accounting it will be found that the Village has refused to pay upon such bonds their distributive shares in violation of the duties imposed upon the Village as trustee, although said bonds have been presented for payment as they became due," amount to a binding admission that the trustee had repudiated, disavowed or acted in hostility to the trust? We think not.

The summary judgment procedure is not intended to be used as a means of trying an issue of fact, but rather, the function of such procedure is to determine whether there is an issue of fact to be tried. The right of the moving party must be clear, undisputed and free from doubt, and determinable solely as a question of law. Facts must be presented, not conclusions and the judge may not, on a motion for summary judgment draw fact inferences. *State Farm Mutual Automobile Insurance Co. v. Short*, 125 Ill. App. 2d 97, 106.

The right to summary judgment must be clear beyond question. (*Powell v. R. J. Anderson, Inc.*, 124 Ill. App. 2d 1, 5.) If the court is presented with any set of facts about which reasonable men might disagree, summary judgment should be denied. *McVey v. Discher*, 122 Ill. App. 2d 408.

■■ If the issue is debatable the drastic remedy of summary judgment should not be granted and it should not be granted where the facts, although not in dispute, are subject to conflicting inferences and the parties disagree as to what their intention was as shown by the facts.

■■ The allegation must be liberally construed in favor of the plaintiffs and they must be given the benefit of all favorable inferences which might be reasonably drawn therefrom. See 23 Ill. L.&Pr. *Judgments* §§ 71—77 (1956); 73 Am. Jur. 2d *Summary Judgment* §§1—36 (1974).

■■■ The rule with respect to the statute of limitations and express trusts is stated as follows: during performance of the express trust there is no cause of action for breach and so the statute of limitations has no bearing on the rights of the beneficiary; but if the trustee violates the

trust and the beneficiary knows of such conduct, or could have learned of it by the use of reasonable diligence, the court will apply the statute of limitations. To cause the statute to begin running during the life of the trust there must be some act of repudiation of the trust by the trustee, as where he declines to account to the beneficiary, takes trust income for his own purposes or sets himself up as the owner of the trust capital. He must in some way notify the beneficiary of his treachery. Concealed repudiation does not count. See 76 Am. Jur. 2d *Trusts* §589 (1975); Bogert, Trusts and Trustees §951 (1969); *Reynolds v. Sumner,* 126 Ill. 58, 70, 71.

Whether a given act is consistent with the continuance of the trust or indicates an intent to repudiate the trust and claim adversely is a question of fact for the determination by the court in each individual case. *Bogert,* §251.

■■  The length of time since he assumed the trust is not material. The only question of importance is, how long is it since he repudiated the trust?

■■  Where it is contended that the statute of limitations is set in motion by the repudiation of a trust, it is essential, in order that he may claim the benefit of the statute, for the trustee to show a plain, strong and unequivocal renunciation (76 Am. Jur. 2d *Trusts* §590 (1975); Annot., 54 A.L.R. 2d 13, 26, §3 (1957)) and the knowledge of the treachery must be "brought home" to the beneficiary. (*Dawes v. Dawes,* 116 Ill. App. 36, 39; *Russell v. Peyton,* 4 Ill. App. 473, 479.) Concealment weighs heavily against the trustee, there must be an open disavowal of the trust. *Huffman v. Gould,* 327 Ill. App. 428, 438.

Further, the trustee's continued or subsequent recognition or acknowledgement of the trust is regarded as strongly indicating that he had not repudiated it. (*Huffman v. Gould.*) For the purpose of the summary judgment motion defendant admitted that since July 15, 1964, it had collected the sum of $210.12 on the bonds and requested the judgment be entered against defendant for $210.12. And attached to the motion were exhibits entitled "Old Special Assessments" showing a balance in the fund of $16,302.12.

■■■  During the course of this litigation starting in 1969 the defendant vigorously objected to plaintiff's examining the special assessment books and records of the Village. Finally, the court on October 9, 1970, entered an injunction writ ordering the Village to comply with earlier discovery orders. It then took until January 17, 1973, to complete the job of discovery and even then counsel for defendant objected that certain records (audit reports) were not public records. Plaintiffs filed a motion requesting among other things reasonable expenses for costs

and time expended pursuant to Supreme Court Rule 219. The court found an unwarranted refusal by the Village and allowed $140 to plaintiffs. Plaintiffs contend the amount to be inadequate. We have no way of determining the accuracy of this claim. Plaintiffs have failed to provide this court with a report of proceedings or an acceptable substitute in accordance with Supreme Court Rule 323. (Ill. Rev. Stat. 1973, ch. 110A, par. 323.) Accordingly this issue for which the evidence offered at the hearing would be necessary to our determination is not subject to review by the court. That part of the judgment of the circuit court is affirmed.

For the reasons stated the judgment of the circuit court allowing summary judgment for the defendant Village of Mundelein is reversed and the cause is remanded for further proceedings consistent with the views expressed in this opinion.

Affirmed in part, in part reversed and remanded.

RECHENMACHER, P. J., and T. J. MORAN, JJ., concur.