THE CITY OF SPRINGFIELD, Plaintiff-Appellant, *v.* ROBERT L. BECK *et al.*, Defendants.—(WILLIAM JERRY NICHOLSON, Defendant-Appellee.)

(No. 13033;

Fourth District—January 8, 1976.

D. Bradley Blodgett, Corporation Counsel, of Springfield, for appellant.

Howarth Law Offices, of Springfield (Nelson Howarth and John E. Howarth, of counsel), for appellee.

Mr. PRESIDING JUSTICE CRAVEN delivered the opinion of the court:

The circuit court entered an order that the City of Springfield pay $1270 as attorney fees together with certain expenses in a condemnation case. The City of Springfield appeals.

On July 20, 1973, the City filed a petition to condemn certain property naming Robert Beck, Mary Beck, and William Nicholson as interested parties, as owners or otherwise, of the property. On January 25, 1974, the cause was dismissed and then reinstated in February of that year. On May 7, 1974, a pretrial conference was held and thereafter the cause was set for trial; the trial date was fixed at July 22, 1974. At a second pretrial conference, on July 17, the City sought to amend the petition to add an additional party, a Springfield bank, the holder of legal title under a land trust. The City was allowed to amend; the trial date was not changed because counsel for the City stated that he believed he could obtain an entry of appearance and consent to trial from the bank since it held only a nominal interest as trustee.

On the date set for trial, the attorney for the bank objected to the jurisdiction and declined to enter an appearance. The City's request for a continuance of the trial date was allowed. Costs and expenses were assessed against the City.

On September 25, 1974, defendant Nicholson filed a motion to prove up attorney fees, the City denying that attorney fees had been allowed and asserted lack of authority to allow attorney fees for the defendant Nicholson. Ultimately, the court allowed the defendant Nicholson costs and total attorney fees and entered judgment in the indicated amount for attorney fees against the City. In so doing, the trial court expressly refused to make any finding that any allegation or denial in the pleadings of the City constituted bad faith. The parties in this vigorously contested proceeding are in agreement that section 41 of the Civil Practice Act is the only statutory basis for an order assessing attorney fees. That section reads:

> "Allegations and denials, made without reasonable cause and not in good faith, and found to be untrue, shall subject the party pleading them to the payment of reasonable expenses, actually incurred by the other party by reason of the untrue pleading, together with a reasonable attorney's fee, to be summarily taxed by the court at the trial." Ill. Rev. Stat. 1973, ch. 110, par. 41.

■■ In the absence of statutory authorization for the imposition of attorney fees, they are not recoverable as a general rule. There is no equitable basis for the imposition of attorney fees. (*Kolkovich v. Tosolin*, 19 Ill.App.3d 524, 311 N.E.2d 782.) In this case, the allegations of the complaint that the defendants Beck were the holders of legal title were untrue. Moreover, the City filed the complaint and made the allegations with reference to title without benefit of a title search. Title was, in fact, in a corporate trustee and that fact was ascertainable from a mere examination of the record of title. Thus, we agree with the implicit, if

not express conclusion, of the trial court that the action of the City in this case is such as to make section 41 of the Civil Practice Act applicable. *Brokaw Hospital v. Circuit Court of McLean County*, 52 Ill.2d 182, 287 N.E.2d 472; *Fenocchi v. Morrison*, 7 Ill.App.3d 577, 288 N.E.2d 130.

■■ However, as Mr. Justice McNamara noted in *In re Estate of Palm*, 11 Ill.App.3d 24, 29, 295 N.E.2d 580, 584: "Recovery under Section 41 is restricted to reasonable expenses and reasonable attorney's fees incurred by reason of the untrue pleadings." In this case, the untrue allegation caused a delay in the trial date only. It is apparent from an examination of the record that the trial court allowed fees and expenses incurred, but unrelated to and not caused by, the untrue allegations. Nicholson in this case was a contract purchaser of the property and he elected under section 14.1 (Ill. Rev. Stat. 1973, ch. 47, par. 14.1) to take a refund of the monies paid under the contract.

The order of the circuit court will be affirmed so far as it finds that section 41 sanctions may be invoked as a consequence of the untrue allegations. The amount of the award will be reversed and this cause remanded to the circuit court of Sangamon County with directions to conduct a hearing to ascertain the reasonable attorney fees and necessary expenses incurred by the defendant Nicholson by reason of the continuation of the trial date and for the entry of judgment for the amount thus ascertained.

Affirmed in part, reversed in part, remanded with directions.

GREEN and SIMKINS, JJ., concur.