SALEM ENERGY SUPPLIES AND SERVICES, Plaintiff-Appellee, v. SHAWNEE ENERGY CORPORATION *et al.*, Defendants (W. Russell Withers, Jr., Defendant-Appellant).

Fifth District   No. 5—83—0651

Opinion filed October 11, 1984.

James M. Wexstten, of Giamanco & Wexstten, of Mt. Vernon, for appellant.

Bowen, Miller & Tungate, of Olney, for appellee.

JUSTICE JONES delivered the opinion of the court:

This appeal is from an order of the trial court denying the motion of defendant Russell Withers, Jr., for an assessment of expenses and attorney fees pursuant to section 2—611 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—611). That section provides, in pertinent part:

> "Allegations and denials, made without reasonable cause and found to be untrue, shall subject the party pleading them to the payment of reasonable expenses, actually incurred by the other party by reason of the untrue pleading, together with a reasonable attorney's fee, to be summarily taxed by the court upon motion made within 30 days of the judgment or dismissal."

Plaintiff filed a one-page, one-count complaint, sounding in contract, against four defendants, Shawnee Energy Corporation, Russell Withers, Jr., David Guemmer and Shawnee Oil & Gas Corporation. The complaint contained eight numbered paragraphs. The first five were devoted to statements directed at establishing venue and jurisdiction. Paragraph six alleged:

> "6. At various times between April, 1981 and December, 1981 at Defendants' request, Plaintiff provided materials, services, supplies and labor to Defendants as is more fully shown by Group Exhibit 'A' which is made a part hereof and is attached hereto for reference."

Paragraph seven set forth the amount due and asked for interest, and paragraph eight alleged that demand for payment had been made of

the defendants. The prayer was for a joint and several judgment against the defendants. Attached to the complaint as group exhibit "A" were a large number of invoices for an assortment of oil-field-related equipment, supplies and services. All the invoices were shown to have been issued to Shawnee Energy Corporation or Shawnee Oil & Gas Corporation; none were shown to have been issued to defendant Russell Withers.

Withers filed a motion to dismiss the complaint as to him upon the ground that it was an attempt to allege a cause of action against him in contract to impose an obligation to pay for goods and services rendered to the two named corporations and that the complaint was otherwise insufficient in law to state a cause of action against him.

In a record-sheet entry of June 9, 1983, the court granted the motion to dismiss and awarded costs. On June 13, 1983, the plaintiff filed a motion to reconsider the order of June 9 in which it alleged that the complaint could be amended to state a cause of action against Russell Withers, Jr., and asked leave so to amend. Withers filed an objection to plaintiff's motion that alleged, among other matters, an intention to file on motion pursuant to section 2–611 of the Civil Procedure Law. On June 29, 1983, the court awarded plaintiff a judgment by default against the other individual defendant on the basis of the same complaint we have already described, a matter that is not involved in this appeal.

Defendant Withers' section 2–611 motion for expenses and fees was filed July 11, 1983. It recited the allegations of plaintiff's complaint and the order of June 9, 1983, that dismissed the complaint. As reasons for an assessment under section 2–611, the motion asserted that the allegations of plaintiff's complaint were obviously untrue since none of the invoices in group exhibit "A" were signed by him, the allegations of the complaint were obviously made without reasonable cause since all the invoices in group exhibit "A" were invoices rendered to the two corporate defendants and not the responsibility of Withers, and that plaintiff could have discovered who was responsible for the invoices by reviewing them to determine who ordered the goods or services and to whom the goods or services were rendered. The motion then asserted that the fact that the allegations of the complaint were made without reasonable cause and were found to be untrue was established when the court granted the motion to dismiss the complaint on June 9, 1983, and, finally, that plaintiff's complaint was "clearly vexatious and an attempt at harassment of defendant Withers in an effort to obligate [sic] for corporate debts he did not incur \*\*\*." The motion concluded with a prayer for expenses, attor-

ney fees and punitive damages.

On September 12, 1983, the court entered a record-sheet order granting plaintiff leave to amend its complaint as to defendant Withers and denying Withers' section 2—611 motion for expenses and attorney fees. The order recited

"*** that [sic] 'Untrue Statements' statute (Ill. Rev. St., ch. 110, sec. 2—611) does not apply to the situation in this case where plaintiff is seeking to amend its [sic] complaint and complaint itself *may* express a cause of action against Def. Withers ***. Court grants Motion to amend complaint of Plf. filed 6/13/1983 and therefore vacates its order of 6/9/1983 dismissing Withers as a party Defendant ***."

The court made the findings required by 87 Ill. 2d R. 304(a), and defendant Withers appeals that portion of the order that denied his motion for expenses and attorney fees. We affirm.

It is apparent from the transcript of the hearing on the section 2—611 motion that the trial court was somewhat leery of allowing the motion where the plaintiff had been granted leave to amend his complaint and well might amend to state a good cause of action against Withers. Admittedly, it seems incongruous that although a party may be successful in a lawsuit, he may nevertheless be found liable for payment of some expenses and attorney fees of the *unsuccessful* party. Withers insists, however, that he is entitled to section 2—611 expenses and fees despite the fact that plaintiff has been granted leave to amend his complaint, since such fees and expenses are recoverable whenever untrue allegations or denials are made without reasonable cause. We must agree with defendant Withers on this point, for it is solidly supported by case law. (See, *e.g., Pole Realty Co. v. Sorrells* (1981), 84 Ill. 2d 178, 417 N.E.2d 1297; *Brokaw Hospital v. Circuit Court* (1974), 52 Ill. 2d 182, 287 N.E.2d 472.) The rationale for the seeming anomaly of having the successful party become liable for fees and expenses of the unsuccessful party pursuant to section 2—611 is expressed in *Pole Realty Co. v. Sorrells* (1981), 84 Ill. 2d 178, 184, 417 N.E.2d 1297, 1301:

"The purpose of this section was described in *Ready v. Ready* (1961), 33 Ill. App. 2d 145, 161: 'Section 41 is an attempt of the legislature to penalize the litigant who pleads frivolous or false matters or brings a suit without any basis in law and thereby puts the burden upon his opponent to expend money for an attorney to make a defense against an untenable suit.' "

Although we agree with defendant Withers' assertion that a party may be entitled to recover expenses and attorney fees pursu-

ant to section 2—611 following a decision upon an interim motion to dismiss, we nevertheless agree with the trial court that such expenses and attorney fees are not recoverable at this time in the instant case. In its order of September 9, 1983, in which it denied the section 2—611 motion, the trial court stated that the original complaint *may* express a cause of action against defendant Withers. We agree with that assessment of the complaint. The complaint is designed to state a cause of action in simple contract in that it alleges, in effect, that at the instance of all the defendants, goods and services were sold and delivered to all defendants. While the invoices attached to the complaint as group exhibit "A" were all issued in the names of the two corporate defendants, in the absence of affirmative matters contained in defensive pleadings, the complaint against defendant Withers would be sufficient to permit the reception of evidence to show the involvement of Withers, if any, with the sale and shipment of the goods to the two corporate defendants and in what manner he might be liable therefor. Conceivably, defendant Withers could be liable by virtue of a partnership agreement, a limited partnership, a joint enterprise, an agency arrangement or by virtue of some quasi-contractual theory. Granted, the original complaint was a minimal effort and lacked a great deal of finesse. The plaintiff should have alleged more to show the relationship, if any, of defendant Withers with the other defendants and why and in what manner defendant Withers would be liable for goods and services shipped to or rendered to the two corporate defendants.

In paragraph five of defendant Withers' motion under section 2—611, he asserts that the allegations of the complaint were obviously untrue and made without reasonable cause and that such facts were established when the court dismissed plaintiff's complaint as to him. To the contrary, the order of the court dismissing Withers did not establish that the allegations of the complaint as to Withers were either untrue or made without reasonable cause, and reference to the invoices contained in group exhibit "A" adds nothing to Withers' position. The most that can be said of the complaint with regard to the section 2—611 motion is that it is an instance of insufficient facts, not one in which the allegations are untrue or are made without reasonable cause. Thus, while the complaint may be inadequate as to defendant Withers because it consists of bare allegations that would be considered conclusions, a violation of the admonition of section 2—603 of the Civil Practice Law that complaints shall contain a plain and concise statement of the pleader's cause of action, defendant Withers is not thereby entitled to recover under section 2—611.

Defendant Withers has filed in this court a motion for allowance of further expenses and attorney fees incurred in this appeal. In view of the result we have reached in this case, the motion is denied.

Affirmed.

KASSERMAN and HARRISON, JJ., concur.