THE VILLAGE OF LAKE IN THE HILLS *et al.*, Plaintiffs-Appellees, v. LAIDLAW WASTE SYSTEMS, INC., Defendant-Appellant (The County of McHenry *et al.*, Defendants).

Second District   No. 2—86—1058

Opinion filed September 11, 1987.

Robert J. Wagner and Perry G. Callas, both of Bishop & Callas, of Crystal Lake (James F. Bishop, of counsel), for appellant.

William J. O'Connor, of Zukowski, Rogers & Flood, of Crystal Lake (Richard G. Flood, of counsel), for appellees.

JUSTICE DUNN delivered the opinion of the court:

Plaintiffs-appellees, the village of Algonquin and the village of Lake in the Hills (villages), obtained a preliminary injunction against defendant-appellant, Laidlaw Waste Systems, Inc. (Laidlaw), the McHenry County board, the Regional Pollution Control Board Facility committee and others prohibiting defendants from continuing hearings on Laidlaw's application for siting approval of a nonhazardous

landfill in McHenry County. The injunction was subsequently overturned by this court in *Village of Lake in the Hills v. Laidlaw Waste Systems, Inc.* (1986), 143 Ill. App. 3d 285, and on remand Laidlaw sought damages from the villages under section 11—110 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 11—110). The circuit court held that the villages were immune from such liability under the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1985, ch. 85, par. 1—101 *et seq.*) (hereinafter referred to as the Immunity Act). Laidlaw was given leave to amend, but elected to stand on its original petition. The villages' complaint was dismissed, and Laidlaw appeals the dismissal of its petition for injunction damages.

This appeal presents a single question. Does the Immunity Act render villages immune from damages occasioned by the issuance of a wrongful preliminary injunction where the petition seeking such damages did not allege that the villages had sought the injunction maliciously or without probable cause? We hold that it does.

Section 11—110 of the Illinois Code of Civil Procedure provides as follows:

> "In all cases where a temporary restraining order or a preliminary injunction is dissolved by the circuit court or by the reviewing court, the circuit court, after the dissolution of the temporary restraining order or preliminary injunction, and before finally disposing of the action shall, upon the party claiming damages by reason of such temporary restraining order or preliminary injunction, filing a petition under oath setting forth the nature and amount of damages suffered, determine and enter judgment in favor of the party who was injured by such temporary restraining order or preliminary injunction for the damages which the party suffered as a result thereof, which judgment may be enforced as other judgments for the payment of money. However, a failure so to assess damages as hereinabove set out shall not operate as a bar to an action upon the injunction bond." Ill. Rev. Stat. 1985, ch. 110, par. 11—110.

The circuit court here dismissed Laidlaw's petition for such damages based on the Immunity Act. Laidlaw concedes that the Fourth District of this court, in *Village of Wilsonville v. Earthline Corp.* (1978), 65 Ill. App. 3d 392, has held that the Immunity Act shields a village from liability for injunction damages. Laidlaw urges this court, however, to reconsider the *Wilsonville* holding and to adopt the reasoning of the *Wilsonville* dissent, arguing that we are not bound by the decision of the Fourth District.

The *Wilsonville* majority relied on what are now the following three provisions of the Immunity Act:

"A local public entity is not liable for an injury resulting from an act or omission of its employee where the employee is not liable." (Ill. Rev. Stat. 1985, ch. 85, par. 2—109.)

"Except as otherwise provided by Statute, a public employee serving in a position involving the determination of policy or the exercise of discretion is not liable for an injury resulting from his act or omission in determining policy when acting in the exercise of such discretion even though abused." (Ill. Rev. Stat. 1985, ch. 85, par. 2—201.)

"A public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, unless he acts maliciously and without probable cause." (Ill. Rev. Stat. 1985, ch. 85, par. 2—208.)

The court stated that a municipal entity acts by and through its officers, and that the wrong in obtaining an invalid injunction thus could only be created by the act of municipal employees. (*Village of Wilsonville v. Earthline Corp.* (1978), 65 Ill. App. 3d 392, 394.) The court also noted that the filing of the injunction proceeding was necessarily the product of the exercise of official discretion. (65 Ill. App. 3d 392, 394.) As in this case, there was no contention that any public employee acted maliciously or without probable cause in instituting the proceeding, so according to prior case law and the above-quoted sections of the Immunity Act, the employees were immune from personal liability for the good-faith performance of their discretionary duties. (65 Ill. App. 3d 392, 394.) Since the individual employees were immune from personal liability, the village was likewise immune under the provisions of section 2—109 of the Immunity Act. Ill. Rev. Stat. 1985, ch. 85, par. 2—109; *Village of Wilsonville v. Earthline Corp.* (1978), 65 Ill. App. 3d 392, 394.

■ Laidlaw adopts, however, the arguments set forth by Justice Reardon in his *Wilsonville* dissent for allowing recovery of injunction damages from a municipality. (65 Ill. App. 3d 392, 396 (Reardon, J., dissenting).) First, Laidlaw contends that damages resulting from a subsequently dissolved injunction have been historically awarded against local governments. For this proposition, Laidlaw relies on the Illinois Supreme Court decisions in *City of Princeton v. Gustavson* (1909), 241 Ill. 566, and *President & Trustees of Town of Tamaroa v. Trustees of Southern Illinois Normal University* (1870), 54 Ill. 334, as well as appellate court decisions in *School Directors of District No.*

*181 v. Mathis* (1912), 168 Ill. App. 174, and *Chicago Title & Trust Co. v. City of Chicago* (1903), 110 Ill. App. 395, *aff'd* (1904), 209 Ill. 172. In none of those cases, however, was the issue of sovereign immunity from injunction damages raised or discussed. No precedent is established on points neither argued nor discussed in an opinion (*Sanner v. Champaign County* (1980), 88 Ill. App. 3d 491, 495), so the above-cited cases are not helpful in deciding the issue at hand.

■ Laidlaw next argues that the Immunity Act is inapplicable here because a petition for damages on the dissolution of a preliminary injunction is not an action sounding in tort. Laidlaw notes that the concept of fault or wrongdoing is generally an essential element of a tort. An action for recovery of injunction damages, in contrast, does not require a showing of wrongdoing by the party seeking the injunction since the injured party need only prove: (1) that a preliminary injunction issued; (2) that it was dissolved prior to final judgment; and (3) that there was a prior adjudication that the injunction was wrongfully issued. (*Stocker Hinge Manufacturing Co. v. Darnel Industries, Inc.* (1983), 94 Ill. 2d 535, 542-43.) Laidlaw concludes that no tort is committed by the applicant even though the injunction is dissolved, since an injunction is an act of the court and not the party applying for one.

Laidlaw has placed too much emphasis on the word "tort." Even if obtaining a wrongfully issued preliminary injunction is not technically a tort, the Immunity Act still applies. The Act provides immunity in several sections where the protected activity would not seem to constitute a tort. For example, section 2—103 provides immunity for injury caused by adopting or failing to adopt an enactment (Ill. Rev. Stat. 1985, ch. 85, par. 2—103), and section 2—104 provides that a "local public entity is not liable for injury caused by the issuance, denial, suspension or revocation of, or by the failure or refusal to issue, deny, suspend or revoke, any permit, license, certificate, approval, order or similar authorization." (Ill. Rev. Stat. 1985, ch. 85, par. 2—104.) Moreover, the *Wilsonville* majority did not hold that the municipality was immune because it had committed a tort. The court specifically stated: "In light of the provisions of the statute, and particularly section 2—208 of the Immunity Act, it is not necessary to discuss this issue in the context of a tort." *Village of Wilsonville v. Earthline Corp.* (1978), 65 Ill. App. 3d 392, 395.

■ Laidlaw's next argument, following Justice Reardon's *Wilsonville* dissent, is that governmental immunity from injunction damages is irreconcilable with the authority of the court to assess monetary sanctions against governmental litigants. In so arguing, Laidlaw

points to several decisions which upheld sanctions against municipalities.

In *City of Springfield v. Beck* (1976), 34 Ill. App. 3d 784, attorney fees and costs were assessed against the city pursuant to section 41 of the Civil Practice Act (now Ill. Rev. Stat. 1985, ch. 110, par. 2—611), where the city made unfounded allegations in its pleadings. (34 Ill. App. 3d 784, 785.) In *Williams v. City of Chicago* (1977), 54 Ill. App. 3d 974, attorney fees were assessed against the city pursuant to Supreme Court Rule 219 (107 Ill. 2d R. 219), where the city failed to comply with discovery. (54 Ill. App. 3d 974, 976.) Likewise, in *Lesser v. Village of Mundelein* (1975), 36 Ill. App. 3d 433, attorney fees were assessed against the village pursuant to Rule 219, where the village wrongfully refused to allow inspection of books and records. 36 Ill. App. 3d 433, 439.

In none of those cases does it appear that the governmental entities challenged the sanctions on the basis of governmental immunity, so once again the precedential value of the cases for the case at bar is minimal. (*Sanner v. Champaign County* (1980), 88 Ill. App. 3d 491, 495.) More importantly, the imposition of sanctions in those cases is not inconsistent with governmental immunity in this case. The sanctions imposed in the *Springfield* case were pursuant to section 41 of the Civil Practice Act, which required evidence that the pleader acted in bad faith and without probable cause. (Ill. Rev. Stat. 1973, ch. 110, par. 41.) Similarly, it also appears that under section 2—208 of the Immunity Act, a governmental entity would be liable for injuries caused by the institution of litigation if the proceedings were instituted "maliciously and without probable cause." (Ill. Rev. Stat. 1985, ch. 85, par. 2—208.) Nor is the imposition of sanctions under Rule 219 inconsistent with immunity here. The purpose of a Rule 219 sanction is to accomplish the objectives of discovery, rather than to punish (*John Mathes & Associates, Inc. v. Noel* (1981), 94 Ill. App. 3d 588, 592), and even then sanctions should not be imposed unless failure to comply with discovery is "unreasonable." (107 Ill. 2d R. 219(c).) Damages for a wrongfully issued injunction, on the other hand, are not intended to promote compliance with court procedures as are Rule 219 sanctions.

■ Finally, Laidlaw contends that the villages were voluntarily advocating a personal, rather than governmental, interest since the villages lacked standing to obtain the injunction. Laidlaw argues that, having exceeded any legitimate governmental objective, the villages are not protected by the Immunity Act. This argument, however, is an improper attempt to prove that the villages acted maliciously and

without probable cause in instituting the injunction proceedings. As noted above, Laidlaw did not allege malice or lack of probable cause in its petition despite being given the opportunity to amend the petition.

Even if this court were to consider Laidlaw's argument, it does not appear that the villages were advocating a personal rather than governmental interest. The village of Lake in the Hills owns property within 250 feet of the proposed site, on which a well supplying water to its citizens is located. The villages note the importance of protecting municipal water supplies as evidenced by their authority "to prevent or punish any pollution or injury to the stream or source of water, or to waterworks" up to 20 miles beyond their corporate boundaries (Ill. Rev. Stat. 1985, ch. 24, par. 11—125—2), and to "prevent the pollution of their water" and "injuries to the wells" (Ill. Rev. Stat. 1985, ch. 24, par. 11—125—1). In seeking the injunction here, it seems as though the villages were trying to prevent what they perceived as potential pollution of their water supplies, which is certainly a legitimate governmental interest.

■ The Immunity Act shields a municipality when injury occurs as a result of determination of policy or exercise of discretion even though abused. (Ill. Rev. Stat. 1985, ch. 85, par. 2—201.) Although the villages may have instituted the injunction proceedings in the mistaken belief that such relief was proper, there is no indication that they did so maliciously or without probable cause. The purpose of section 2—201 is to shield the public decision maker from liability when making decisions assessing the public's needs so that such decisions may be made without fear of personal liability or the second guessing of courts or juries. *Williams v. Board of Education* (1977), 52 Ill. App. 3d 328, 336.

■ We note one final factor regarding the *Wilsonville* decision. *Wilsonville* was decided in 1978. Our legislature has thus had ample opportunity to enact appropriate amendments to the Immunity Act if it had any disagreement with the *Wilsonville* decision. "While it is true that a legislature's failure to amend a statute after judicial interpretation is not conclusive evidence of the correctness of that interpretation, such inaction is suggestive of legislative agreement." *(People v. Foster* (1983), 99 Ill. 2d 48, 55.) Put another way, "[w]here the legislature chooses not to amend a statute after a judicial construction, it will be presumed that it has acquiesced in the court's statement of the legislative intent." *Miller v. Lockett* (1983), 98 Ill. 2d 478, 483.

In conclusion, we hold, as did the *Wilsonville* court, that the Im-

munity Act shields the villages from liability for a wrongfully issued injunction where the injunction was not sought maliciously or without probable cause. The language of section 2—208 of the Immunity Act, in conjunction with the language of section 2—109, clearly shields the villages from liability for institution of litigation, and we see no reason to exclude the seeking of an injunction from the Act's protection. Moreover, the legislature has not seen fit to modify the Immunity Act on this subject since the *Wilsonville* decision, so we may presume that *Wilsonville* comports with the legislature's intent. The order of the circuit court of McHenry County is accordingly affirmed.

Affirmed.

HOPF and NASH, JJ., concur.