THE VILLAGE OF SLEEPY HOLLOW, Plaintiff-Appellant, v. PULTE HOME CORPORATION, Defendant-Appellee.

Second District No. 2—02—0410

Opinion filed January 27, 2003.

William W. Kurnik, of Knight, Hoppe, Kurnik & Knight, L.L.C., of Des Plaines, and Mark Schuster, of Schnell, Bazos, Freeman, Framer & Schuster, of Elgin, for appellant.

Michael P. Padden and Bryna J. Dahlin, both of Howrey, Simon, Arnold & White, L.L.P., and Charles L. Byrum and John J. D'Attomo, both of Gardner, Carton & Douglas, both of Chicago, for appellee.

JUSTICE BOWMAN delivered the opinion of the court:

Plaintiff, Village of Sleepy Hollow (Sleepy Hollow), appeals the denial of its motion to dismiss the petition for damages of defendant, Pulte Home Corporation (Pulte). Sleepy Hollow contends that the trial court erred in concluding that the issue of Sleepy Hollow's asserted immunity from liability is controlled by section 2—208 of the Local Governmental and Governmental Employees Tort Immunity Act (745 ILCS 10/2—208 (West 2000)) (Immunity Act), rather than section 2—201 of the Immunity Act (745 ILCS 10/2—201 (West 2000)).

This cause of action began when Sleepy Hollow challenged the Village of West Dundee's annexation of certain property that Pulte owned and intended to develop. Sleepy Hollow obtained a temporary restraining order and a preliminary injunction against Pulte, preventing Pulte from developing the property pending the outcome of Sleepy Hollow's action against West Dundee. Based on this court's decision in *Stroich v. Village of West Dundee*, 319 Ill. App. 3d 468 (2001), the trial court dismissed Sleepy Hollow's action for injunction and dissolved the preliminary injunction against Pulte. Pulte then filed an "Amended Verified Petition for Award of Damages" (petition) against Sleepy Hollow under section 11—110 of the Code of Civil Procedure (Code) (735 ILCS 5/11—110 (West 2000)), alleging that Sleepy Hollow acted maliciously and without probable cause in instituting and maintaining its action for injunction.

Sleepy Hollow moved to dismiss Pulte's petition pursuant to section 2—619 of the Code (735 ILCS 5/2—619 (West 2000)), arguing that section 2—201 of the Immunity Act shielded it from liability. The trial court denied Sleepy Hollow's motion to dismiss, concluding that section 2—208 of the Immunity Act, rather than section 2—201, was controlling. The court then certified the following question pursuant to Supreme Court Rule 308(a) (155 Ill. 2d R. 308(a)):

> "Under the circumstances of this case, and in light of Pulte's allegations in its Amended Verified Petition for Award of Damages that the Village [of Sleepy Hollow] acted maliciously and without probable cause in instituting and maintaining its action against Pulte, is the issue of tort immunity under the Illinois [*sic*] Governmental and Governmental Employees Tort Immunity Act controlled by Section 2—208 (Institution of Judicial Proceedings) or by Section 2—201 (Determination of Policy/Exercise of Discretion)?"

Sleepy Hollow timely filed an application for leave to appeal and we granted the application.

■ The following statutes are relevant to our analysis of the certified question:

> "A local public entity is not liable for an injury resulting from an act or omission of its employee where the employee is not liable." 745 ILCS 10/2—109 (West 2000).

> "Except as otherwise provided by Statute, a public employee serving in a position involving the determination of policy or the exercise of discretion is not liable for an injury resulting from his act or omission in determining policy when acting in the exercise of such discretion even though abused." 745 ILCS 10/2—201 (West 2000).

> "A public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, unless he acts maliciously and without probable cause." 745 ILCS 10/2—208 (West 2000).

■ As with all questions of statutory construction, we begin by looking at the language of the applicable statutes. The legislature's intent in enacting a statute is best determined by the plain and ordinary meaning of the statutory language. *In re Chicago Flood Litigation*, 176 Ill. 2d 179, 193 (1997). When the language of a statute is clear and unambiguous, the court must give it effect without resorting to other aids of construction. *Chicago Flood Litigation*, 176 Ill. 2d at 193. Courts should read statutes so as to yield logical and meaningful results and to avoid constructions that render specific language superfluous or meaningless. *Rochelle Disposal Service, Inc. v. Pollution Control Board*, 266 Ill. App. 3d 192, 198 (1994). Further, the court

may not read into the statute exceptions, conditions, or limitations that the legislature did not express. *Village of Bloomingdale v. CDG Enterprises, Inc.*, 196 Ill. 2d 484, 493 (2001). When construing immunities under the Immunity Act, a court must view the statute as a whole, with all relevant parts considered together. *A.R. v. Chicago Board of Education*, 311 Ill. App. 3d 29, 33 (1999).

The parties and the trial court have asked us to decide which provision "controls" under the facts of this case. Sleepy Hollow contends that both sections 2—201 and 2—208 could apply, but the immunity provided by section 2—201 is absolute and must be given effect regardless of whether section 2—208 also applies. In its brief, Pulte maintains that sections 2—201 and 2—208 conflict with each other under the circumstances presented here and that the more specific provision, section 2—208, must apply. In oral argument, Pulte contended that there is no real conflict between sections 2—201 and 2—208, and a reading of both provisions clearly indicates that section 2—208 controls. The trial court concluded that the issue of immunity in this case is controlled by section 2—208 rather than section 2—201.

We agree with Sleepy Hollow that both statutes apply in this case. We disagree, however, that the immunity provided by section 2—201 always takes precedence over the provisions of section 2—208. The trial court reached the correct result in ruling that immunity was not available to Sleepy Hollow. However, we do not believe the correct interpretation of the statutes at issue leads to the conclusion that section 2—208 "controls" over section 2—201. Instead, we conclude that sections 2—201 and 2—208 operate in conjunction with each other under the circumstances of this case. The language of section 2—208 sets forth an exception to the immunity afforded by sections 2—201 and 2—208. This exception applies when a public employee institutes or prosecutes a judicial or administrative proceeding maliciously and without probable cause.

■ Contrary to Sleepy Hollow's contention, section 2—201 does not grant public employees absolute immunity from liability for acts involving the exercise of discretion and the determination of policy. Section 2—201 begins with the phrase, "[e]xcept as otherwise provided by Statute" (745 ILCS 10/2—201 (West 2000)), which clearly indicates that the legislature did not intend for public employees to receive immunity from liability in all situations involving policy and discretion. We further note that the supreme court, in discussing the scope of governmental immunity under the Immunity Act, stated that "[t]he legislature has recognized exceptions to its grants of immunity and enumerated these exceptions in the plain language of the Act." *CDG Enterprises*, 196 Ill. 2d at 494-95. The court then specifically cited sec-

tion 2—208 as one of the statutes providing such an exception. *CDG Enterprises*, 196 Ill. 2d at 494-95.

Sleepy Hollow's explanation of the statutory exception provision is not persuasive. It argues that, by stating "[e]xcept as otherwise provided *by Statute*" (emphasis added) (745 ILCS 10/2—201 (West 2000)) instead of "[e]xcept as otherwise provided *in this Act*" (emphasis added) (see 745 ILCS 10/3—108 (West 2000)), the legislature must have been contemplating statutory duties imposed in acts other than the Immunity Act. We disagree. The legislature did not limit in any way the statute or statutes to which it was referring in the phrase "[e]xcept as otherwise provided by Statute." As we have stated, we may not read into the statute limitations that the legislature did not express. See *CDG Enterprises*, 196 Ill. 2d at 493. Moreover, section 1—209 of the Immunity Act (745 ILCS 10/1—209 (West 2000)) defines "statute" as "an act adopted by the General Assembly of this State or by the Congress of the United States." Section 2—208 clearly falls within this broad definition. We conclude, therefore, that Sleepy Hollow's interpretation of section 2—201 lacks merit.

■We likewise reject Sleepy Hollow's argument that the legislature intended for section 2—208 to apply only to those situations in which a public employee institutes or prosecutes a judicial or administrative proceeding without exercising discretion and making a determination of policy. Sleepy Hollow cites a police officer's decision to issue a traffic ticket and a building inspector's decision to enforce a building regulation as examples of such situations. While section 2—208 may apply to such situations, we disagree with Sleepy Hollow that it applies to such situations alone. Nothing in the language of section 2—208 indicates that the legislature intended for it to apply only under circumstances that fall outside the scope of section 2—201. If the legislature had intended to so limit section 2—208, it would have done so. See *CDG Enterprises*, 196 Ill. 2d at 493. Moreover, we agree with Pulte that it is difficult to conceive of a situation in which a public employee institutes and prosecutes a judicial proceeding without exercising his or her discretion and making a determination of policy, given the courts' broad definition of "policy determination." See, *e.g.*, *Harinek v. 161 North Clark Street Ltd. Partnership*, 181 Ill. 2d 335 (1998) (a fire marshal's decision regarding where an individual should stand during a fire drill constitutes a determination of policy); *Johnson v. Decatur Park District*, 301 Ill. App. 3d 798 (1998) (a tumbling coach's decision as to the maneuvers each gymnast would perform and the equipment needed is a policy determination); *Crowley v. City of Berwyn*, 306 Ill. App. 3d 496 (1999) (a firefighter's decision about how a rescue should be made involves a determination of policy). For these reasons, we do not agree with Sleepy Hollow's interpretation of section 2—208.

■ We do not believe it is correct to say that section 2—208 "controls" over section 2—201. Both provisions apply to the facts of this case. Sleepy Hollow claims that its decision to seek an injunction against Pulte involved the exercise of discretion and the determination of policy, thereby invoking section 2—201. Section 2—208 also applies because this case involves Sleepy Hollow, through its employees, instituting and prosecuting a judicial proceeding against Pulte. Therefore, both sections 2—201 and 2—208 could be bases for providing immunity to Sleepy Hollow from liability for injuries resulting from the institution and prosecution of its action against Pulte. This immunity, however, is subject to the exception set forth in section 2—208 for actions brought maliciously and without probable cause. Thus, sections 2—201 and 2—208 together immunize public employees from liability for discretionary, policy-related acts in the institution or prosecution of a judicial or administrative proceeding, unless they act maliciously and without probable cause.

Our interpretation of the statutes finds support in *Village of Lake in the Hills v. Laidlaw Waste Systems, Inc.*, 160 Ill. App. 3d 427 (1987). In deciding whether the Immunity Act renders villages immune from damages for wrongful preliminary injunctions absent allegations of malicious conduct and lack of probable cause, we addressed sections 2—201 and 2—208 without discussing the relationship between the two statutes. Unlike Pulte, the defendant in *Laidlaw* did not allege any malicious conduct or lack of probable cause on the municipality's part. *Laidlaw*, 160 Ill. App. 3d at 430. We held that "the Immunity Act shields the villages from liability for a wrongfully issued injunction where the injunction was not sought maliciously or without probable cause." *Laidlaw*, 160 Ill. App. 3d at 433-34. We noted, however, that "it also appears that under section 2—208 of the Immunity Act, a governmental entity would be liable for injuries caused by the institution of litigation if the proceedings were instituted 'maliciously and without probable cause.' " *Laidlaw*, 160 Ill. App. 3d at 432, quoting Ill. Rev. Stat. 1985, ch. 85, par. 2—208. After examining section 2—201 in relation to section 2—208, we continue to believe this is the correct analysis.

Here, the trial court determined that Pulte's allegations that Sleepy Hollow acted maliciously and without probable cause brought the matter within the purview of section 2—208. Accepting Pulte's allegations as true, as is required when deciding a section 2—619 motion to dismiss (see *CDG Enterprises*, 196 Ill. 2d at 486), immunity

was not available to Sleepy Hollow under section 2—201 or section 2—208 for the foregoing reasons.

Certified question answered.

HUTCHINSON, P.J., and O'MALLEY, J., concur.